**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GERALD HOLLIS,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.: 1:10-cv-4937** |
| ) | |
| **vs.** ) | **Removed from the Circuit Court** |
| ) | **of the Eighteenth Judicial Circuit,** |
| **CHASE, EQUIFAX, INC, EXPERIAN** ) | **County of DuPage, Illinois** |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **TRANSUNION, LLC, and** ) | **DuPage Case No.: 2010 MR 960** |
| **VALENTINE & KEBARTAS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Defendant EQUIFAX INC. ("Equifax"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby

removes this action filed by Plaintiff, GERALD HOLLIS, from the Circuit Court of the

Eighteenth Judicial Circuit Court of Illinois, located in DuPage County, Illinois, to the United

States District Court for the Northern District of Illinois, Eastern Division, which is the judicial

district and division in which the action is pending, on the following grounds:

1.       Removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because

Counts VI-X of Plaintiff's Complaint allege violations of the Fair Debt Collections Practices Act

and the Fair Credit Reporting Act and, therefore, involve federal questions. *See* 28 U.S.C. §

1331. This Court may also exercise supplemental jurisdiction over Hollis' claims for negligence

(Counts I - V), declaratory relief (Count XI) and injunctive relief (Count XII) pursuant to 28

U.S.C. § 1367.

2.       On June 30, 2010, Hollis filed an action in the Circuit Court of the Eighteenth

Judicial Circuit, DuPage County, Illinois, captioned *Gerald Hollis v. Chase, Equifax, Inc.,*

*Experian Information Solutions, Inc., TransUnion, LLC, and Valentine & Kebartas, Inc.,*

assigned case number 2010 MR 000960, and titled "Complaint for Declaratory, Injunctive and Other Relief" (the "Complaint").  A true and correct copy of the Complaint is attached hereto as *Exhibit A*.  On July 12, 2010, Chase was served with the Complaint and a Summons conferring jurisdiction over Chase.  A copy of the Summons is attached hereto as *Exhibit B*.

3.      The face of the Complaint demonstrates that this is an action arising under the laws of the United States.  Counts VI–VII allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  Counts VIII-X allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.  Adjudication of Counts VI–X requires a substantial analysis of federal law, and thus, removal of these claims to federal court is proper.  *See Lawrence v. Interstate Brands*, 278 Fed. App'x 681, 684 (7th Cir. 2008) ("Federal-question jurisdiction exists when a plaintiff's right to relief is created by, or depends on, a federal statute or constitutional provision.").

4.      The Court also has jurisdiction over Hollis' claims for negligence, declaratory relief, and injunctive relief pursuant to 28 U.S.C. § 1367.  Hollis' claims for negligence, declaratory relief and injunctive relief arise out of the same transaction or occurrence that give rise to Hollis' Fair Debt Collection Practices Act and Fair Credit Reporting Act claims, and all of the claims form one "case or controversy" within the meaning of Article III.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429–30 (7th Cir. 2009) (exercising supplemental jurisdiction over state-law claims arising out of alleged violations of the Fair Credit Reporting Act).

5.      Removal of this action is not prohibited by 28 U.S.C. § 1445.

6.      As of the date of this Notice of Removal, only the named defendants TransUnion, Experian, Equifax, and Chase have been served with process.  Experian and Chase each consent

to removal of this action to federal court.  Consents to removal on behalf of Experian and Chase are attached hereto as *Exhibit C*.

7.     Trans Union's consent to removal is not necessary because TransUnion is no longer a party to this action.  A true and correct copy of the Order dismissing TransUnion from this action with prejudice is attached hereto as *Exhibit D*.

8.     Chase conducted a reasonable investigation into whether Valentine & Kebartas, Inc. was served with the Summons and Complaint, including making several phone calls to Valentine & Kebartas' office manager (none of which were returned) and reviewing the record of the state court proceedings.  Based on a review of the state court record, there is no indication that Valentine & Kebartas had been served with process at the time of Equifax's filing of its Notice of Removal.  Accordingly, Equifax was not required to obtain Valentine & Kebartas' consent to file this Notice of Removal.  *See P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968) (noting only served parties need join a notice of removal); *see also Howell v. Joffe*, 478 F. Supp. 2d 1014, 1019 (N.D. Ill. 2006) ("[T]he consent of parties not served at the time a petition for removal is filed is not necessary for such a petition.").

9.     Equifax files this Notice of Removal within thirty days of the date it was served with this removable action, and within the time prescribed for filing this Notice of Removal under 28 U.S.C. § 1446.  Plaintiff served the Summons and Complaint on Equifax on July 8, 2010.  *See Exhibit B*.

10.     Written notice of the filing of Equifax's Notice of Removal has been served on counsel for Plaintiff as evidenced by the attached Certificate of Service.  A true and correct copy

of Equifax's Notice of Removal, with attached exhibits, has also been filed with the Clerk of the

Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois.

WHEREFORE, Defendant Equifax Inc. hereby removes this action from the Circuit

Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, to this United States District

Court.

Respectfully Submitted,


By:     */s/ Jeremy S. Unruh*
        Jeremy S. Unruh
        junruh@polsinelli.com
        POLSINELLI SHUGHART, PC
        161 N. Clark Street, Suite 4200
        Chicago, Illinois 60601
        (312) 819-1900
        Facsimile (312) 819-1910


Dated:  August 9, 2010

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing NOTICE OF REMOVAL

has been served this 9th day of August, 2010, by depositing a copy of the same in the United

States mail, first class postage prepaid, and properly addressed to the following counsel of

record:

Terri R. Brown, Esq.
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville Indiana 46077

Counsel for TransUnion, LLC

Victoria L. Holland, Esq.
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692

Counsel for Experian Information Solutions,
LLC

Gregory S. Gistenson, Esq.
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606-2833
Counsel for Chase Bank, N.A.

Bryan M. Sims, Esq.
SIMS LAW FIRM, LTD.
1755 Park Street, Suite 200
Naperville, Illinois 60563

Attorney for Plaintiff

Valentine & Kebartas, Inc.
c/o Patrick B. Gough
Registered Agent
2701 Hastings Road
Chatham, Illinois 62629

  */s/ Jeremy S. Unruh*
Jeremy S. Unruh

# Exhibit A

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

GERALD HOLLIS,

    Plaintiff,

v.

CHASE, EQUIFAX, INC., EXPERIAN
INFORMATION SOLUTIONS, INC., TRANS
UNION, LLC, and VALENTINE &
KEBARTAS, INC.,

    Defendants.

Case No.

*Chris Kachiroubas*
****Electronically Filed****
Transaction Id: 2707272
2010MR960
06/30/2010
JAMES KUFER
10-27-2010 RM2007 9:05AM
****************************

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF

Plaintiff Gerald Hollis files this action against Defendants Chase, Equifax, Inc., Experian,
plc, Trans Union, LLC, and Valentine & Kebartas, Inc., seeking injunctive and other relief for
their inaccurate reporting of credit information and their refusal to correct the inaccurate
information. In support of this Complaint, Plaintiff alleges as follows:

### BACKGROUND FACTS

1.    Plaintiff Gerald Hollis is an individual residing in Naperville, DuPage County,
Illinois.

2.    Defendant Chase is a subsidiary of JPMorgan Chase and has its principal place of
business in Chicago, Illinois.

3.    Defendant Equifax, Inc., is a foreign corporation registered to do business in the
state of Illinois.

4.    Defendant Experian Information Solutions, Inc., is a foreign corporation
registered to do business in the state of Illinois.

1

5.      Defendant Trans Union LLC is a foreign corporation with its principal place of business in Chicago, Illinois.

6.      Defendant Valentine & Kebartas, Inc., is a foreign corporation registered to do business in the state of Illinois.

7.      Rose Hollis, L.L.C. is an Illinois limited liability company with its principal place of business in Naperville, DuPage County, Illinois.

8.      Plaintiff is a manager of Rose Hollis L.L.C.

9.      In approximately 2006 Rose Hollis, L.L.C. applied for a corporate credit card from Providian Financial Corporation.

10.     Providian Financial Corporation granted a credit card to Rose Hollis, L.L.C.

11.     Thereafter, that card and any outstanding balance was transferred to Washington Mutual Bank.

12.     Thereafter, the card and any outstanding balance was transferred to Chase.

## ATTEMPTS TO COLLECT THE DEBT

13.     On or about July 2009, despite the fact that the account for the card was in the name of Rose Hollis, L.L.C., Chase began attempting to collect the amounts due under the card from Plaintiff.

14.     On July 21, 2009, Plaintiff's counsel contacted Chase by letter. In that letter, Plaintiff's counsel disputed the charge and requested that Chase provide Plaintiff with proof that he was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 1.

15.     Despite Plaintiff's request, Chase provided no documents to support its claim that Plaintiff was responsible for the debt.

2

16.    Instead, Chase attempted to collect the debt. A true and correct copy of a letter sent by Chase on or about July 28, 2009, is attached as Exhibit 2.

17.    Thereafter, still not having responded to Plaintiff's request for documentation, Chase retained Integrity Financial Partners, Inc., to attempt to collect the debt. A true and correct copy of the demand letter from Integrity is attached as Exhibit 3.

18.    On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Equifax. A true and correct copy of this letter is attached as Exhibit 4.

19.    On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Experian. A true and correct copy of this letter is attached as Exhibit 5.

20.    On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Trans Union. A true and correct copy of this letter is attached as Exhibit 6.

21.    On October 15, 2009, after still not responding to Plaintiff's request for documentation, Chase continued to attempt to collect the debt from Plaintiff. A true and correct copy of the letter from Chase dated October 15, 2009, is attached as Exhibit 7.

22.    On October 16, 2009, Integrity again attempted to collect this debt from Plaintiff. A true and correct copy of the letter from Integrity dated October 16, 2009, is attached as Exhibit 8.

23.    On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Equifax. A true and correct copy of the letter to Equifax is attached as Exhibit 9.

24.    In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

25.    On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Experian. A true and correct copy of the letter to Experian is attached as Exhibit 10.

3

26.   In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

27.   On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Trans Union. A true and correct copy of the letter to Trans Union is attached as Exhibit 11.

28.   In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

29.   Also on October 21, 2009, Plaintiff disputed this debt with Integrity. A true and correct copy of the letter to Integrity is attached as Exhibit 12.

30.   On October 29, 2009, Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 13.

31.   Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation supporting that its claim was valid.

32.   On or about mid-November 2009, Plaintiff disputed this debt with Equifax. A true and correct copy of this letter is attached as Exhibit 14.

33.   On or about mid-November 2009, Plaintiff disputed this debt with Experian. A true and correct copy of this letter is attached as Exhibit 15.

34.   On or about mid-November 2009, Plaintiff disputed this debt with Trans Union. A true and correct copy of this letter is attached as Exhibit 16.

35.   On or about mid-November 2009, Plaintiff disputed this debt with Chase. A true and correct copy of this letter is attached as Exhibit 17.

4

36.   This letter once again requested that Chase provide Plaintiff with some evidence that he was responsible for the debt that Chase was trying to collect.

37.   On January 7, 2010, Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 18.

38.   Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation supporting that its claim was valid.

39.   On or about January 10, 2010, Plaintiff again disputed the debt with Equifax. A true and correct copy of this letter is attached as Exhibit 19.

40.   On or about January 10, 2010, Plaintiff again disputed the debt with Experian. A true and correct copy of this letter is attached as Exhibit 20.

41.   On or about January 10, 2010, Plaintiff again disputed the debt with Trans Union. A true and correct copy of this letter is attached as Exhibit 21.

42.   On March 18, 2010, Plaintiff's counsel contacted Chase again, disputing the debt and requesting documentation that Plaintiff was responsible for it. A true and correct copy of this letter is attached as Exhibit 22.

43.   On March 18, 2010, Plaintiff's counsel again contacted Equifax pointing out that despite multiple requests, Chase had refused to provide any documentation supporting its claim that Plaintiff was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 23.

Document received on 06/30/2010 11:12:44  Document accepted on 06/30/2010 11:49:17 # 2707272/76565

44.   On March 19, 2010, Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 24.

45.   Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation supporting that its claim was valid.

46.   On April 2, 2010, Chase sent Plaintiff a copy of certain credit card statements. However, Chase still did not provide Plaintiff with any documentation establishing that he was liable for the debt.

47.   On May 24, 2010, Plaintiff's counsel contacted Chase against, seeking to resolve this matter without further damage to Plaintiff's credit rating. A true and correct copy of this letter is attached as Exhibit 25.

48.   As of the date of the preparation of this pleading, Chase has not yet responded to this letter.

49.   On June 2, 2010, Valentine & Kebartas, Inc., which has apparently been retained by Chase to collect the debt, contacted Plaintiff, seeking to collect the debt. A true and correct copy of this letter is attached as Exhibit 26.

50.   On June 11, 2010, Plaintiff's counsel disputed the debt with Valentine & Kebartas. A true and correct copy of this letter is attached as Exhibit 27.

## COUNT 1
## Negligence
## (Chase)

51.   Plaintiff adopts paragraphs 1 through 50 as paragraph 51.

6

52.   At all times, Chase owed a duty to Plaintiff to refrain from collecting a debt from him for which he was not responsible.

53.   At all times, Chase owed a duty to Plaintiff to refrain from placing negative references against Plaintiff's credit for accounts for which he was not responsible.

54.   At all times, Chase owed a duty to Plaintiff to remove negative references from Plaintiffs credit upon determining that Plaintiff was not responsible for a debt.

55.   Plaintiff is not liable or responsible for the debt for which Chase is attempting to collect.

56.   Upon information and belief, Chase cannot produce any documentation establishing that Plaintiff is liable or responsible for the debt for which Chase is attempting to collect.

57.   Chase has attempted to continue to collect the debt.

58.   Chase has continued to report the debt as a negative reference on Plaintiff's credit.

59.   Chase has not removed the negative references relating to the debt from Plaintiff's credit.

60.   Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Chase knew that Plaintiff was not responsible for the debt.

61.   Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Chase knew that it could not establish that Plaintiff was responsible for the debt.

62.   When Chase continued to attempt to collect the debt, it knew that Plaintiff was not responsible for the debt.

7

63.   When Chase continued to attempt to collect the debit, it knew it could not establish that Plaintiff was responsible for the debt.

64.   When Chase continued to place negative references on Plaintiff's credit, it knew that Plaintiff was not responsible for the debt.

65.   When Chase continued to place negative references on Plaintiff's credit, it knew it could not establish that Plaintiff was responsible for the debt.

66.   When Chase did not remove the negative references from Plaintiff's credit, it knew that Plaintiff was not responsible for the debt.

67.   When Chase did not remove the negative references from Plaintiff's credit, it knew it could not establish that Plaintiff was responsible for the debt.

68.   Plaintiff is now attempting to purchase a home using a loan from the Veteran's Administration.

69.   Plaintiff is unable to purchase the home because of the negative references on his credit report from this Chase account.

70.   But for the negative references on his credit report from this Chase account, Plaintiff would be able to purchase the home.

71.   Plaintiff has been damaged by Chase's actions.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Chase for damages in an amount to be determined at trial, costs of suit, and all other relief deemed just.

## COUNT 2
## Negligence
## (Equifax)

72.   Plaintiff adopts paragraphs 1 through 71 as paragraph 72.

8

73.    Equifax had a duty to refrain from publishing information about Plaintiff's credit was that incorrect.

74.    Equifax had a duty to remove information about Plaintiff's credit that it learned was incorrect.

75.    Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Equifax knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

76.    Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Equifax knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

77.    Despite its knowledge that the information from Chase was inaccurate, Equifax continued to publish inaccurate information about that debt on Plaintiff's credit report.

78.    Despite its knowledge that the information from Chase was inaccurate, Equifax did not remove the inaccurate information from Plaintiff's credit report.

79.    Plaintiff has been damaged by Equifax's actions.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Equifax for damages in an amount to be determined at trial, costs of suit, and all other relief deemed just.

## COUNT 3
## Negligence
## (Experian)

80.    Plaintiff adopts paragraphs 1 through 71 as paragraph 80.

9

81.    Experian had a duty to refrain from publishing information about Plaintiff's credit was that incorrect.

82.    Experian had a duty to remove information about Plaintiff's credit that it learned was incorrect.

83.    Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Experian knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

84.    Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Experian knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

85.    Despite its knowledge that the information from Chase was inaccurate, Experian continued to publish inaccurate information about that debt on Plaintiff's credit report.

86.    Despite its knowledge that the information from Chase was inaccurate, Experian did not remove the inaccurate information from Plaintiff's credit report.

87.    Plaintiff has been damaged by Experian's actions.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Experian for damages in an amount to be determined at trial, costs of suit, and all other relief deemed just.

## COUNT 4
### Negligence
### (Trans Union)

88.    Plaintiff adopts paragraphs 1 through 71 as paragraph 88.

10

89.   Trans Union had a duty to refrain from publishing information about Plaintiff's credit was that incorrect.

90.   Trans Union had a duty to remove information about Plaintiff's credit that it learned was incorrect.

91.   Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Trans Union knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

92.   Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Trans Union knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

93.   Despite its knowledge that the information from Chase was inaccurate, Trans Union continued to publish inaccurate information about that debt on Plaintiff's credit report.

94.   Despite its knowledge that the information from Chase was inaccurate, Trans Union did not remove the inaccurate information from Plaintiff's credit report.

95.   Plaintiff has been damaged by Trans Union's actions.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Trans Union for damages in an amount to be determined at trial, costs of suit, and all other relief deemed just.

11

## COUNT 5
## Negligence
## (Valentine & Kebartas)

96.   Plaintiff adopts paragraphs 1 through 71 as paragraph 96.

97.   At all times, Valentine & Kebartas owed a duty to Plaintiff to refrain from collecting a debt from him for which he was not responsible.

98.   Plaintiff is not liable or responsible for the debt for which Valentine & Kebartas is attempting to collect.

99.   Upon information and belief, Valentine & Kebartas cannot produce any documentation establishing that Plaintiff is liable or responsible for the debt for which Valentine & Kebartas is attempting to collect.

100.   Valentine & Kebartas has attempted to continue to collect the debt.

101.   Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Valentine & Kebartas knew or should have known that Plaintiff was not responsible for the debt.

102.   Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Valentine & Kebartas knew or should have known knew that neither it nor Chase could establish that Plaintiff was responsible for the debt.

103.   When Valentine & Kebartas continued to attempt to collect the debt, it knew or should have known that Plaintiff was not responsible for the debt.

104.   When Valentine & Kebartas continued to attempt to collect the debt, it knew or should have known that neither it nor Chase could establish that Plaintiff was responsible for the debt.

12

105. Plaintiff has been damaged by the actions of Valentine & Kebartas.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Valentine & Kebartas for damages in an amount to be determined at trial, costs of suit, and all other relief deemed just.

## COUNT 6
## Violation of the Fair Debt Collection Practices Act
## (Chase)

106. Plaintiff adopts paragraphs 1 through 79 as paragraph 106.

107. Chase has attempted to collect this debt as a consumer debt, as defined by the Fair Debt Collection Practices Act.

108. Chase has attempted to collect this debt from a consumer.

109. Chase is a debt collector as defined by the Fair Debt Collection Practices Act.

110. Chase has violated the Fair Debt Collection Practices Act by attempting to collect a debt from Plaintiff for which it knows Plaintiff is not liable.

111. Pursuant to the Fair Debt Collection Practices Act, Plaintiff is entitled to recover attorneys fees incurred in brining this action.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Chase for damages in an amount to be determined at trial, attorney fees, costs of suit, and all other relief deemed just.

## COUNT 7
## Violation of the Fair Debt Collection Practices Act
## (Valentine & Kebartas)

112. Plaintiff adopts paragraphs 1 through 71 and 96 through 111 as paragraph 112.

113. Valentine & Kebartas is a debt collector as defined by the Fair Debt Collection Practices Act.

13

114. The Fair Debt Collection Practices Act forbids a debt collector from attempting to collect a debt through a third party.

115. On or about June 10, 2010, a representative of Valentine & Kebartas contacted Plaintiff's son and attempted to collect the debt through him.

116. Valentine & Kebartas has violated the Fair Debt Collection Practices Act by attempting to collect the debt through a third party.

117. Once a demand for verification of a debt has been made, the Fair Debt Collection Practices Acts forbids a debt collector from continuing to collect a debt until the debt collector provides verification of the debt.

118. After receiving the request for verification of debt, Valentine & Kebartas continued to attempt to collect the debt from Plaintiff.

119. Valentine & Kebartas has violated the Fair Debt Collection Practices Act by continuing to attempt to collect the debt within providing Plaintiff with the requested verification.

120. Valentine & Kebartas has violated the Fair Debt Collection Practices Act by attempting to collect the debt that it knew or reasonably should have know that Plaintiff was not responsible for.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Chase for damages in an amount to be determined at trial, attorney fees, costs of suit, and all other relief deemed just.

## COUNT 8
## Violation of the Fair Credit Reporting Act
## (Equifax)

121. Plaintiff adopts paragraphs 1 through 79 as paragraph 121.

14

122.  Equifax is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

123.  Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Equifax of the inaccuracy of Chase's report, Equifax had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

124.  Equifax failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

125.  Equifax should have removed Chase's negative reference from Plaintiff's credit report.

126.  Equifax did not remove Chase's negative reference from Plaintiff's credit report.

127.  The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

128.  Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Equifax for damages in an amount to be determined at trial, statutory damages as provided by the Fair Credit Reporting Act, attorney fees, costs of suit, and all other relief deemed just.

### COUNT 9
### Violation of the Fair Credit Reporting Act
### (Experian)

129.  Plaintiff adopts paragraphs 1 through 71 and 80 through 87 as paragraph 129.

130.  Experian is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

15

131. Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Experian of the inaccuracy of Chase's report, Experian had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

132. Experian failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

133. Experian should have removed Chase's negative reference from Plaintiff's credit report.

134. Experian did not remove Chase's negative reference from Plaintiff's credit report.

135. The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Experian for damages in an amount to be determined at trial, statutory damages as provided by the Fair Credit Reporting Act, attorney fees, costs of suit, and all other relief deemed just.

## COUNT 10
### Violation of the Fair Credit Reporting Act
### (Trans Union)

136. Plaintiff adopts paragraphs 1 through 71 and 88 through 95 as paragraph 136.

137. Trans Union is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

138. Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Trans Union of the inaccuracy of Chase's report, Trans Union had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

16

139. Trans Union failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

140. Trans Union should have removed Chase's negative reference from Plaintiff's credit report.

141. Trans Union did not remove Chase's negative reference from Plaintiff's credit report.

142. The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Trans Union for damages in an amount to be determined at trial, statutory damages as provided by the Fair Credit Reporting Act, attorney fees, costs of suit, and all other relief deemed just.

## COUNT 11
## Declaratory Relief
## (Chase and Valentine & Kebartas)

143. Plaintiff adopts paragraphs 1 through 142 as paragraph 143.

144. Chase has been provided more than sufficient opportunity to provide Plaintiff evidence that he is responsible for the debt.

145. Chase has provided no evidence that Plaintiff is responsible for the debt.

146. A dispute exists between Plaintiff and Chase about whether Plaintiff is responsible for the debt.

Wherefore Plaintiff Gerald Hollis prays that this Court enter an order declaring that Plaintiff is not responsible for the debt and granting Plaintiff all other relief deemed just.

Document received on 06/30/2010 11:12:44  Document accepted on 06/30/2010 11:49:17 # 2707272/76565

## COUNT 12
## Injunctive Relief
## (All Defendants)

147.   Plaintiff adopts paragraphs 1 through 146 as paragraph 147.

148.   Plaintiff has identified a property that he wishes to purchase.

149.   Because of the actions of Defendants, Plaintiff is unable to obtain a loan to purchase the property.

150.   A piece of property is unique.

151.   Plaintiff's inability to purchase a particular piece of property creates damages for which legal remedies cannot adequately compensate Plaintiff.

152.   Plaintiff will suffer irreparable harm if the negative credit references are not removed from his credit report.

Wherefore Plaintiff Gerald Hollis prays that this Court enter a temporary, preliminary, and permanent injunction against Defendants prohibiting them from placing a negative credit information about this debt on Plaintiff's credit report; requiring Defendants Equifax, Experian, and Trans Union to remove all negative information about this debt from Plaintiff's credit report; prohibiting Chase and Valentine & Kebartas from further attempting to collect this debt; and granting Plaintiff all other relief deemed just.

Respectfully Submitted,
GERALD HOLLIS,

By: _____
One of Plaintiff's Attorneys

Bryan M. Sims
Sims Law Firm, Ltd.
1755 Park St.

18

Suite 200
Naperville, IL 60563
630-344-9267
630-689-9072 (fax)
bsims@simslawfirm.com
www.simslawfirm.com
Attorney No. 248018

19

# Thompson, Rosenthal & Watts, LLP

One Energy Center • 40 Shuman Boulevard • Suite 290 • Naperville, IL 60563
Tel. (630) 369-3535 • Fax (630) 369-0531

July 21, 2009

A. Gordon Dennis
Customer Support Manager
Chase
PO Box 2188
Westport, CT 06880-0188

**RE:** Gerald Hollis, 1120 Langley Circle, Naperville, Illinois

Sent Via: Certified Mail

To A. Gordon Dennis:

I represent Gerald Hollis with respect to your attempt to collect the above described debt. Mr. Hollis disputes the validity of this debt. The debt was not incurred by individually, but rather by a limited liability company for whose debts he is not responsible.

By this letter I am demanding that you cease any further attempts to collect this debt and that you remove any negative references relating to this debt from my client's credit reports. Further, I demand that you provide me with documentation supporting your claim that the debt is valid. In particular, I request the identity of the original creditor and copies of the original documents creating this account, including, but not limited to, any application and any proof of identification. Finally, I direct you to cease all further communication with Mr. Hollis and ask that you direct any further communication to me.

Sincerely,

Bryan M. Sims

Cc: Gerald Hollis

**EXHIBIT 1**

10 09 02:54p        Hollis                    6309048896            p.2

# CHASE ⬥  Settlement Plan

**Limited-time offer.**
**Call 1-866-965-9302 immediately.**

When you accept this settlement plan and pay
the reduced amount shown, we will stop all
collection efforts.

This will resolve your debt with us.

| BALANCE AS OF 07/28/2009: |
| :---: |
| **$10,979.86** |

**$4,941.00**

08/13/2009

**$6,039.00**

DETACH AND RETAIN FOR YOUR RECORDS

# CHASE ⬥

Gerald Hollis
1120 Langley Cir
Naperville, IL  60563-2040

**Lighten your load.**
Pay a reduced amount
and we'll finalize your debt.

Dear Gerald Hollis,

It's not too late to make a very smart decision – one that can take a considerable weight off
your shoulders.

### Settle your account for good.

With our simple Chase settlement plan, you have a great opportunity to put your outstanding
credit card balance behind you once and for all. Best of all, you can do it for a lot less than
what you owe.

As the attached coupon shows, we will accept a reduced payment of at least $4,941.00 if you
respond by the date above. When you pay this amount, we'll stop any collection calls immediately
and we will report your account as settled to the credit reporting agencies upon completion of
your settlement. Payments or credits in excess of this amount will be applied against your entire
outstanding balance.

### We'll meet you part way. But you must act now.

When your account is past due, it's falling behind with each passing day, even if you don't hear
from us. If you do nothing or wait too long, you'll miss out on this special opportunity. If that
happens, you'll once again be responsible for the full amount owed.

### One phone call is all it takes.

Wouldn't it feel great to resolve your balance, and have one less bill to worry about? Call us
today at 1-866-965-9302 to make payment arrangements. Or, simply talk to us about your
situation and get it off your chest. Odds are, we have a way to help you get the weight off
your shoulders.

Sincerely,

*A. Gordon Dennis*

A. Gordon Dennis
Customer Support Manager

**P.S. Very Important:** Even if you don't think a settlement offer is right for you, there are
other ways we can help. Call us today at 1-866-965-9302. We'll be glad to discuss other
payment solutions that can help you resolve your debt.

We are required by the IRS to provide information about certain amounts that are discharged
as a result of a cancellation of a debt on a form 1099C. If we are required to notify the IRS,
you will receive a copy of the form 1099C that is filed with the IRS.

Account is owned by Chase Bank USA, N.A.
Calls may be monitored and/or recorded to
ensure the highest level of quality service.

**EXHIBIT**
**2**

Sep 16 09 01:34p      Rose Hollis                          630 780-2738          p.1

P.O. Box 1997
Southgate, MI 48195-0997



**Integrity**
Financial Partners, Inc.

4370 W. 109th Street, Suite 100
Overland Park, KS 66211
Local Phone: 816-949-8536
Toll Free: 866-947-6931

IFPI/4185812869069606/WAMU1    285007348779  2006/0002/006/0008

Gerald Hollis
2272 W 95th St Ste 200
Naperville, IL 60564-8944                         5598

September 10, 2009
**Account Information**
Current Creditor:  Chase Credit Card
Original Creditor:  Washington Mutual
Account #:  4185812869069606
IFP#:  22986
Balance Due:  $11,236.75

Dear Gerald Hollis:

Our office has been retained by Chase Credit Card to collect on an overdue account. This letter is an attempt to collect a debt, and any information will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored and recorded for quality assurance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Hours of Operation:** Mon through Thu: 8am to 8pm CT   Fri: 8am to 5pm CT   Saturday:  8am to 12pm CT

- - - - - - - - - - - - - - - - - - - - - - - - - - DETACH AND RETURN WITH PAYMENT - - - - - - - - - - - - - - - - - - - - - -

**Account Information**
Current Creditor:  Chase Credit Card
Original Creditor:  Washington Mutual
Account #:  4185812869069606
IFP#:  22986
Balance Due:  $11,236.75

Amount Due:  $11,236.75
Amount Paid:

$ ☐☐☐☐☐ . ☐☐

Gerald Hollis
2272 W 95th St Ste 200
Naperville, IL 60564-8944

Integrity Financial Partners, Inc.
P.O. Box 11530
Overland Park, KS 66207-4230

**EXHIBIT**
**3**

**Hours of Operation:** Mon through Thu: 8am to 8pm CT   Fri: 8am to 5pm CT   Saturday:  8am to 12pm CT
Acco
Curre

Equifax
P.O. Box # 105518
Atlanta, GA 30348

*Confirmation # 9329030587*

Dear Sir or Madam:

I wrote to Equifax previously, and a recent correspondence from your office showed that these inaccurate accounts are **STILL** reporting against me! Furthermore, your bureau has reported an obsolete item, which is over 8-years old and you are outside of your authority to do so!

In a good faith effort to resolve this matter amicably, I restate my demand for Equifax to remove the incorrect listings (below) from my credit report, as well as the obsolete Capital One account. Failure to do so, you will be accountable to the Federal Trade Commission for any and all credit information on my behalf.

Re: Bank of America, Account # 488893699639 (**NOT MINE**) & Chase, Account
# 418581286906 & Capital One Bank, Account # 411507207860 (Obsolete)

For the record, I submitted the personal information (below) with a request from Equifax to check carefully my social security and name for the credit information being investigated. I further requested, for your office to use this credit information to update my Equifax Credit profile and process this request in a timely fashion. Equifax has failed to do your job mandated by law!

S.S. # 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/ Date of Birth 11/26/1944

The Fair Credit Reporting Act requires that a reporting agency be able to verify the credit information on behalf of the consumer. I would remind Equifax that your reporting agency is outside of your authority to report these inaccurate items against me! Failure to verify my credit information with the personal information, which I have provided to you; Equifax, must answer to the Federal Trade Commission. They have put in place laws to protect the consumer against such incompetence, and inaccurate reporting.

I intend to seek redress in civil action (small claims court) for recovery of damages, costs, and attorney's fees. I also intend to go public with your blatant disregard for the law, and me for you have ruined my credit! Further note, that your disregard for the law is unbelievable, and your blatant disregard for (me) the consumer is contemptible! This will **NOT** go unnoticed!

Be aware, I will be keeping a close record of all of my communications with Equifax, and carefully documenting these events concerning my credit and your refusal to assist me in this matter! I have contacted my attorney, and you may want to seek a competent legal advisor as well!

Your failure to remove these inaccurate/obsolete listings, within the fifteen (15) days required by law, and a timely manner, will work as a waiver to any and all of your claims in this matter, and will entitle me to presume that Equifax has failed to update and correct my credit report in error, but this matter is far from being closed!

**EXHIBIT**
**4**

-2-

Equifax has a responsibility to report the credit information for (me) the consumer correctly. Failure to respond within 15 days of this dispute will result in a small claims action against your office. I have sent you a copy of my attorney's letter to Chase indicating that the debt was **NOT** incurred by me, but rather by a limited liability company for whose debts I am **NOT** responsible to pay. For the record this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account. I sent you a response from Chase showing that this was a business account. Furthermore, the account was closed in July of 2008, so Equifax has **NO** authority to list 12 of these late payments against me!

I intend to go public with this lawsuit, and sue you for the following:

1. Undue embarrassment of incorrect listings against me
2. Violation of the Fair Credit Reporting Act

I further intend to obtain a claim against your office, for undue damages to my credit rating.

For the purposes of *15 USA 1692 et seq.*, this Notice has the same effect as a dispute to the validity of my credit information and a dispute to the refusal to respond, or assist me in this matter. May I remind Equifax, that as in Wenger v. Trans Union Corp., No.95-6445 (C.D. Cal. Nov. 14, 1995), you may be liable for your willful non-compliance regarding this matter. This Notice is an attempt to correct your records, and any credit information received from you will be collected as evidence, that Equifax reported inaccurate and incomplete credit information on my behalf, which caused me great difficulty in getting a decent credit rating. This is a request for information to be updated and removal of the obsolete/inaccurate listings, and is **NOT** a statement, election, or waiver of status.

I affirm under penalty of perjury under the Laws of the Land for the United States of America, that the foregoing is true and correct, to the best of my knowledge.

Respectfully,

Gerald W. Hollis
2272 95th Street
Naperville. IL 60564

Enclosure(s): Personal Identification
　　　　　　 *4th Dispute*

Experian
P.O. Box # 9701
Allen, TX 75013

Report # <u>2801-6074-27</u>

Dear Sir or Madam:

I wrote to Experian previously, and a recent correspondence from your office showed that these inaccurate accounts are **STILL** reporting against me!

In a good faith effort to resolve this matter amicably, I restate my demand for Experian to remove the incorrect listings (below) from my credit report. Failure to do so, you will be accountable to the Federal Trade Commission for any and all credit information on my behalf.

   Re: Bank of America, Account # <u>488893699639</u> (*NOT MINE*) & Chase, Account
       # <u>418581286906</u>

For the record, I submitted the personal information (below) with a request from Experian to check carefully my social security and name for the credit information being investigated. I further requested, for your office to use this credit information to update my Experian Credit profile and process this request in a timely fashion. Experian has failed to do your job mandated by law!

                  S.S. # 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/ Date of Birth 11/26/1944

The Fair Credit Reporting Act requires that a reporting agency be able to verify the credit information on behalf of the consumer. I would remind Experian that your reporting agency is outside of your authority to report these inaccurate items against me! Failure to verify my credit information with the personal information, which I have provided to you; Experian, must answer to the Federal Trade Commission. They have put in place laws to protect the consumer against such incompetence, and inaccurate reporting.

I intend to seek redress in civil action (small claims court) for recovery of damages, costs, and attorney's fees. I also intend to go public with your blatant disregard for the law, and me for you have ruined my credit! Further note, that your disregard for the law is unbelievable, and your blatant disregard for (me) the consumer is contemptible! This will **NOT** go unnoticed!

Be aware, I will be keeping a close record of all of my communications with Experian, and carefully documenting these events concerning my credit and your refusal to assist me in this matter! I have contacted my attorney, and you may want to seek a competent legal advisor as well!

Your failure to remove these inaccurate/obsolete listings, within the fifteen (15) days required by law, and a timely manner, will work as a waiver to any and all of your claims in this matter, and will entitle me to presume that Experian has failed to update and correct my credit report in error, but this matter is far from being closed!

**EXHIBIT**

**5**

-2-

Experian has a responsibility to report the credit information for (me) the consumer correctly. Failure to respond within 15 days of this dispute will result in a small claims action against your office. I have sent you a copy of my attorney's letter to Chase indicating that the debt was _NOT_ incurred by me, but rather by a limited liability company for whose debts I am _NOT_ responsible to pay. I also submitted a copy to Experian for your convenience. For the record this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account. I sent you a response from Chase showing that this was a business account. Furthermore, the account was closed in July of 2008, so Experian has _NO_ authority to list 6 of these late payments against me!

I intend to go public with this lawsuit, and sue you for the following:

1.  Undue embarrassment of incorrect listings against me
2.  Violation of the Fair Credit Reporting Act

I further intend to obtain a claim against your office, for undue damages to my credit rating.

For the purposes of _15 USA 1692 et seq.,_ this Notice has the same effect as a dispute to the validity of my credit information and a dispute to the refusal to respond, or assist me in this matter. May I remind Experian, that as in Wenger v. Trans Union Corp., No.95-6445 (C.D. Cal. Nov. 14, 1995), you may be liable for your willful non-compliance regarding this matter. This Notice is an attempt to correct your records, and any credit information received from you will be collected as evidence, that Experian reported inaccurate and incomplete credit information on my behalf, which caused me great difficulty in getting a decent credit rating. This is a request for information to be updated and removal of the obsolete/inaccurate listings, and is _NOT_ a statement, election, or waiver of status.

I affirm under penalty of perjury under the Laws of the Land for the United States of America, that the foregoing is true and correct, to the best of my knowledge.

Respectfully,

Gerald W. Hollis
2272 95th Street
Naperville. IL  60564

Enclosure(s): Personal Identification
                 5th _Dispute_

Trans Union
P.O. Box # 2000
Chester, PA 19022

*File # <u>212218188</u>*

Dear Sir or Madam:

I wrote to Trans Union previously, and a recent correspondence from your office showed that
these inaccurate accounts are **STILL** reporting against me!

In a good faith effort to resolve this matter amicably, I restate my demand for Trans Union to
remove the incorrect listings (below) from my credit report. Failure to do so, you will be
accountable to the Federal Trade Commission for any and all credit information on my behalf.

Re: Bank of America, Account # <u>488893699639</u> (*NOT MINE*) & Chase, Account
# <u>418581286906</u>

For the record, I submitted the personal information (below) with a request from Trans Union
to check carefully my social security and name for the credit information being investigated.
I further requested, for your office to use this credit information to update my Trans Union Credit
profile and process this request in a timely fashion. Trans Union has failed to do your job
mandated by law!

S.S. # 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/ Date of Birth 11/26/1944

The Fair Credit Reporting Act requires that a reporting agency be able to verify the credit
information on behalf of the consumer. I would remind Trans Union that your reporting agency is
outside of your authority to report these inaccurate items against me! Failure to verify my credit
information with the personal information, which I have provided to you; Trans Union, must answer
to the Federal Trade Commission. They have put in place laws to protect the consumer against
such incompetence, and inaccurate reporting.

I intend to seek redress in civil action (small claims court) for recovery of damages, costs, and
attorney's fees. I also intend to go public with your blatant disregard for the law, and me for
you have ruined my credit! Further note, that your disregard for the law is unbelievable, and
your blatant disregard for (me) the consumer is contemptible! This will **NOT** go unnoticed!

Be aware, I will be keeping a close record of all of my communications with Trans Union, and
carefully documenting these events concerning my credit and your refusal to assist me in this
matter! I have contacted my attorney, and you may want to seek a competent legal advisor as well!

Your failure to remove these inaccurate/obsolete listings, within the fifteen (15) days required by
law, and a timely manner, will work as a waiver to any and all of your claims in this matter, and will
entitle me to presume that Trans Union has failed to update and correct my credit report in error,
but this matter is far from being closed!



**EXHIBIT**
**6**

-2-

Trans Union has a responsibility to report the credit information for (me) the consumer correctly. Failure to respond within 15 days of this dispute will result in a small claims action against your office. I have sent you a copy of my attorney's letter to Chase indicating that the debt was *NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT* responsible to pay. I also submitted a copy to Trans Union for your convenience. For the record this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account. I sent you a response from Chase showing that this was a business account. I intend to go public with this lawsuit, and sue you for the following:

1. Undue embarrassment of incorrect listings against me
2. Violation of the Fair Credit Reporting Act

I further intend to obtain a claim against your office, for undue damages to my credit rating.

For the purposes of *15 USA 1692 et seq.*, this Notice has the same effect as a dispute to the validity of my credit information and a dispute to the refusal to respond, or assist me in this matter. May I remind Trans Union, that as in Wenger v. Trans Union Corp., No.95-6445 (C.D. Cal. Nov. 14, 1995), you may be liable for your willful non-compliance regarding this matter. This Notice is an attempt to correct your records, and any credit information received from you will be collected as evidence, that Trans Union reported inaccurate and incomplete credit information on my behalf, which caused me great difficulty in getting a decent credit rating. This is a request for information to be updated and removal of the obsolete/inaccurate listings, and is **NOT** a statement, election, or waiver of status.

I affirm under penalty of perjury under the Laws of the Land for the United States of America, that the foregoing is true and correct, to the best of my knowledge.

Respectfully,

Gerald W. Hollis
2272 95th Street
Naperville, IL 60564

Enclosure(s): Personal Identification
             5th Dispute

Oct 22 09 01:11p     Rose Hollis                          630 780-2738              p.1

**Cardmember Services**
P.O. Box 15298
Wilmington, DE 19850-5298
1-800-955-9900

October 15, 2009                          **CHASE** ○

GERALD HOLLIS
2272 W 95TH ST STE 200
NAPERVILLE IL 60563

REF: 4185812869069606

| Important information about your account is noted below. |

Dear Gerald Hollis:

Thank you for our recent inquiry regarding your credit card account. We have received your liability dispute regarding ownership of the account noted above. In researching this claim, we have found you have had conversations with Chase employees

If you believe that this information is not valid, please complete, sign, and send the Affirmation of Fact document to us at the following address. Upon receipt of this document, an investigator from our Fraud Department will contact you.

Fraud Operations
1820 E Sky Harbor Cir S AZ1-5718
Phoenix, AZ  85034-9701

If you agree that the account is valid, please complete, sign, and send the Acceptance of Liability document to us at the following address:

Consumer Dispute Verifications
Post Office Box 15298
Wilmington, DE  19850-5298

If we do not receive a response from you, we will conclude our investigation based on the facts we have available to us. The account will continue to report as currently shown at the credit bureaus.

If you have any questions or we can be of further assistance, please call us at the toll-free number noted at the top of the first page of this letter. For your convenience, we are available 24 hours a day to assist you.

Sincerely,

Chris Schroeder
Dispute Verifications
Sr. Financial Service Advisor
Fax: 1-888-593-8302

CDVS09  CDV509Memo.doc

**EXHIBIT 7**

Oct 21 09 01:28p     Hollis                    6309048896                    p.1

P.O. Box 1997
Southgate, MI 48195-0997



## Integrity
Financial Partners  Inc.

4370 W. 109th Street, Suite 100
Overland Park, KS 66211
Local Phone:  (913) 312-3333
Toll Free:  (866) 949-6812

IFP#/4185812869069606/3   286009147542   12398/0012398/0050

Gerald Hollis
2272 W 95th St Ste 200
Naperville, IL  60564-8944



12398

October 16, 2009
**Account Information**
Creditor:  Chase Credit Card
Account #:  4185812869069606
IFP#:  22986
Balance Due:  $11,236.75

Dear Gerald Hollis:

Integrity Financial Partners, Inc., duly authorized by Chase Credit Card hereby offers to accept $6,742.05 as settlement in full on the above mentioned account.  This is a savings of $4,494.70 to you.

If you are interested in taking advantage of this opportunity, please pay the settlement amount of $6,742.05.  Send your payment to Integrity Financial Partners, Inc. at the address below or call us at 866-947-6931 to pay with a check by phone.  We are not obligated to renew this offer.  If you are unable to pay the settlement amount at this time, please call us for a possible arrangement.

If you are mailing payment, please detach the lower portion of the notice and return your payment in the enclosed envelope.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Hours of Operation:**  Mon through Thu:  8am to 9pm CT   Fri:  8am to 5pm CT   Saturday:  8am to 12pm CT

- - - - - - - - - - - - - - - - - - - - - - - - - DETACH AND RETURN WITH PAYMENT - - - - - - - - - - - - - - - - - - - - - - - - -

**Account Information**
Creditor:  Chase Credit Card
Account #:  4185812869069606
IFP#:  22986
Balance Due:  $11,236.75

Amount Due:  $11,236.75
Amount Paid:

$ ☐☐☐☐☐ . ☐☐

Gerald Hollis
2272 W 95th St Ste 200
Naperville, IL  60564-8944

Integrity Financial Partners, Inc.
P.O. Box 11530
Overland Park, KS  66207-4230

**EXHIBIT**
**8**

**Hours of Operation:**  Mon through Thu:  8am to 9pm CT   Fri:  8am to 5pm CT   Saturday:  8am to 12pm CT
Document received on 06/30/2010 11:12:44  Document accepted on 06/30/2010 11:49:17 # 2707272/76565

# Thompson, Rosenthal & Watts, LLP

One Energy Center • 40 Shuman Boulevard • Suite 290 • Naperville, IL 60563
Tel. (630) 369-3535 • Fax (630) 369-0531

October 21, 2009

Equifax Credit Information Services, Inc.
P.O. Box 740241
Atlanta, GA 30374

**RE:**   Gerald Hollis, 1120 Langley Circle, Naperville, IL 60563
          SSN: 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

Sent Via: Certified Mail

To whom it may concern:

I represent Gerald Hollis. You currently report a debt on his credit report for which he is not personally responsible. That debt is a credit card, account number 4185812869069606. The original creditor was Washington Mutual and the current creditor is Chase.

Pursuant to the Fair Debt Collection Practices Act, on July 21, 2009, I demanded that Chase provided me with documents establishing that the debt was valid. As of today's date, I have received no documents at all from Chase.

By this letter I am demanding that you investigate the validity of this debt and remove it from my client's credit report.

If you have any questions regarding this matter, I can be reached at 630-369-3535.

Sincerely,

Bryan M. Sims

CC: Gerald Hollis

**EXHIBIT 9**

# Thompson, Rosenthal & Watts, LLP

One Energy Center • 40 Shuman Boulevard • Suite 290 • Naperville, IL 60563
Tel. (630) 369-3535 • Fax (630) 369-0531

October 21, 2009

Experian
955 American Lane
Schaumburg, IL 60173

**RE:**   Gerald Hollis, 1120 Langley Circle, Naperville, IL 60563
SSN: 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

Sent Via: Certified Mail

To whom it may concern:

I represent Gerald Hollis. You currently report a debt on his credit report for which he is not personally responsible. That debt is a credit card, account number 4185812869069606. The original creditor was Washington Mutual and the current creditor is Chase.

Pursuant to the Fair Debt Collection Practices Act, on July 21, 2009, I demanded that Chase provided me with documents establishing that the debt was valid. As of today's date, I have received no documents at all from Chase.

By this letter I am demanding that you investigate the validity of this debt and remove it from my client's credit report.

If you have any questions regarding this matter, I can be reached at 630-369-3535.

Sincerely,

Bryan M. Sims

CC: Gerald Hollis

**EXHIBIT**
**10**

# Thompson, Rosenthal & Watts, LLP

One Energy Center • 40 Shuman Boulevard • Suite 290 • Naperville, IL 60563
Tel. (630) 369-3535 • Fax (630) 369-0531

October 21, 2009

TransUnion Consumer Solutions
PO Box 2000
Chester, PA 19022-2000

**RE:**   Gerald Hollis, 1120 Langley Circle, Naperville, IL 60563
SSN: 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

Sent Via: Certified Mail

To whom it may concern:

I represent Gerald Hollis. You currently report a debt on his credit report for which he is not personally responsible. That debt is a credit card, account number 4185812869069606. The original creditor was Washington Mutual and the current creditor is Chase.

Pursuant to the Fair Debt Collection Practices Act, on July 21, 2009, I demanded that Chase provided me with documents establishing that the debt was valid. As of today's date, I have received no documents at all from Chase.

By this letter I am demanding that you investigate the validity of this debt and remove it from my client's credit report.

If you have any questions regarding this matter, I can be reached at 630-369-3535.

Sincerely,

Bryan M. Sims

CC: Gerald Hollis

**EXHIBIT 11**

# Thompson, Rosenthal & Watts, LLP

One Energy Center • 40 Shuman Boulevard • Suite 290 • Naperville, IL 60563
Tel. (630) 369-3535 • Fax (630) 369-0531

October 21, 2009

Integrity Financial Partners, Inc.
4370 109th St.
Suite 100
Overland Park, KS 66211

**RE:** Gerald Hollis, IFP#: 22986

Sent Via: Certified Mail

To whom it may concern:

I represent Gerald Hollis with respect to your attempt to collect the above described debt. Mr. Hollis disputes the validity of this debt. The debt was not incurred by individually, but rather by a limited liability company for whose debts he is not responsible.

By this letter I am demanding that you cease any further attempts to collect this debt and that you remove any negative references relating to this debt from my client's credit reports. Further, I demand that you provide me with documentation supporting your claim that the debt is valid. In particular, I request the identity of the original creditor and copies of the original documents creating this account, including, but not limited to, any application and any proof of identification. Finally, I direct you to cease all further communication with Mr. Hollis and demand that you direct any further communication to me.

Please note that I have previously requested this documentation from Chase and they provided me with no documents, let alone any proof that Mr. Hollis was liable for the debt. As such, you are attempting to collect a debt that you know is not valid. As I am sure you are aware, this action is a violation of the Fair Debt Collection Practices Act. Any further violations will result in Mr. Hollis seeking redress through the federal court system.

If you have any questions regarding this matter, I can be reached at 630-369-3535.

Sincerely,

Bryan M. Sims

CC: Gerald Hollis

**EXHIBIT**
**12**

**Cardmember Services**
P.O. Box 15298
Wilmington, DE 19850-5298
1-800-955-9900

# CHASE ⬙

October 29, 2009


GERALD HOLLIS
2272 95TH ST
NAPERVILLE IL 60564


RE: 4185812869069606

Dear Gerald Hollis:

Thank you for your recent request in which you asked that we update your credit bureau report. It's important to us that we promptly respond to your concerns.

In accordance with the terms of your Cardmember Agreement, you are personally responsible for the outstanding balance on your business card account. For this reason, information on your credit file may reflect payment history, including any late payments or related delinquency on this account. Business card accounts are not reported to the credit bureaus unless they become sixty days past due.

If you have any questions or we can be of further assistance, please call us at the toll-free number noted above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,



Daniele Bowling
Financial Service Advisor
Consumer Dispute Verifications
Fax: 1-888-593-8302



*Please see next page for important information*



CDV305   cddv305.doc

EXHIBIT
**13**

Nov 07 09 01:02p       Rose Hollis                     630 780-2738              p.2

All credit-reporting agencies are separate entities from First USA, and Chase Bank USA, N.A., thereafter, "the Bank". Accordingly, the Bank will provide the updated information, as stated above, to the appropriate credit-reporting agencies. Once these steps have been taken by the Bank, neither First USA nor Chase Bank USA, N.A., can or will be held responsible for errors by the credit-reporting agencies.

Other than providing credit-reporting agencies with the changes, deletion, or entries described above, the Bank is not responsible for the actions or omissions of the credit-reporting agencies. Therefore, the Bank cannot guarantee, warrant, or take responsibility for the performance of any credit-reporting agency in changing, deleting, or making entries in relation to any derogatory credit information. For your reference, contact information for the three credit service agencies is listed below.

| | | |
|---|---|---|
| Experian (TRW) Corp | Equifax Options | Trans Union |
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 2000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19022 |
| 888-397-3742 | 800-685-1111 | 800-888-4213 |

CDV305    cddv305.doc

Equifax
P.O. Box # 105518
Atlanta, GA 30348

*Confirmation # 9329030587*

E: Chase, Item # *418581286906*

Attention/Equifax:

I am *STILL* extremely upset concerning the credit response I recently received from your agency! Once again, this is totally out of control! I am just amazed that the government allows you to make such obvious errors that damage people so badly. I am willing to do whatever it takes to make you responsible for poor reporting practices if you do not respond quickly and accurately to this 3rd dispute letter.

The above listed account is outdated/in-accurate reporting. It should *not* even appear on my credit report. As stated before, I have contacted my attorney and he wrote a letter to Chase and I have sent a copy of the letter for your convenience! In addition, please note that the debt was *NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT* responsible to pay. For the record, this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account! I have a response from Chase showing that this was a business account, which I have also sent to you. Further note, that the account was closed in July of 2008, so Equifax has *NO* authority to list 12 of these late payments against me! Once again, I need you to check this information out with a re-investigation and remove the erroneous item at once, or my attorney is coming after Equifax, as well as Chase!

I will expect your speedy co-operation, for these oversights on your part are causing my FICO score to be adversely effected. That is *NOT* acceptable, nor will it be tolerated! I must insist that your reporting agency permanently remove this item at once.

Regards,

Gerald W. Hollis
2272 95th Street
Naperville, IL 60564

S.S.# 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, D.O.B. 11/26/1944

Attachments: 3 I.D.'s

**EXHIBIT**
**14**

Experian
P.O. Box # 9701
Allen, TX 75013

RE: Chase, Item # *41858128690*6

Attention/Experian:

I am *STILL* extremely upset concerning the credit report I recently received from your agency! Once again, I am just amazed that the government allows you to make such obvious errors that damage people so badly. I am willing to do whatever it takes to make you responsible for poor reporting practices if you do not respond quickly and accurately to this third dispute letter.

The above listed account is outdated/in-accurate reporting. It should *not* even appear on my credit report. I have contacted my attorney and he wrote a letter to Chase and I have sent a copy of the letter for your convenience! In addition, please note that the debt was *NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT* responsible to pay. For the record, this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account! I have a response from Chase showing that this was a business account, which I have attached for you to view. Further note, that the account was closed in July of 2008, so Experian has *NO* authority to list 9 of these late payments against me! I have also sent Experian a copy of my Trans Union Response, indicating the closed date. Once again, I need you to check this information out with a re- investigation and remove the erroneous item at once, or my attorney is coming after Experian, as well as Chase!

I will expect your speedy co-operation, for these oversights on your part are causing my FICO score to be adversely effected. That is *NOT* acceptable, nor will it be tolerated! I must insist that your reporting agency permanently remove this item at once.

Regards,

Gerald W. Hollis
2272 95th Street
Naperville, IL 60564

S.S.# 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, D.O.B. 11/26/1944

Attachments: 3 I.D.'s

**EXHIBIT**
**15**

Trans Union
P.O. Box # 2000
Chester, PA 19022

*File # 212218188*

RE:  Chase, Item # *4185812869069606* & *4185867127262666*

Attention/Trans Union:

I am *STILL* extremely upset concerning the credit response I recently received from your agency!  Once again, I am just amazed that the government allows you to make such obvious errors that damage people so badly.  I am willing to do whatever it takes to make you responsible for poor reporting practices if you do not respond quickly and accurately to this *next* dispute letter.

The above listed accounts are outdated/duplicate reporting.  They should *not* even appear on my credit report.  I have contacted my attorney and he wrote a letter to Chase and I sent you a copy of the letter for your convenience!  In addition, please note that the debt was *NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT* responsible to pay.  Now I see that Trans Union has duplicated the inaccurate account against me! For the record, these erroneous accounts have been added to my credit report, but they need to be removed, for the first account was converted to a personal account!  I have sent you a copy of the recent letter I received from Chase, indicating that this was a business account, and *NOT* a personal account.  Please check this information out with a re-investigation and remove the erroneous items at once, or my attorney is coming after Trans Union, as well as Chase, should you fail to assist me!

I will expect your speedy co-operation, for these oversights on your part are causing my FICO score to be adversely effected.  Besides the fact that Trans Union has *NO* authority to report items against the consumer twice!  That is *NOT* acceptable, nor will it be tolerated!  I must insist that your reporting agency permanently remove this item at once.

Regards,

Gerald W. Hollis
2272 95th Street
Naperville, IL  60564

S.S.# 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, D.O.B. 11/26/1944

Attachments:  3 I.D.'s

**EXHIBIT
16**

Chase
Cardmember Services
P.O. Box # 15298
Wilmington, DE 19850-5298

RE:  4185812869069606

Attention/Daniele Bowling:

Thank you for your recent inquiry regarding my debt.  This is not a refusal to pay, but
a compromise to pay an amount agreed upon by my attorney, and then an agreement to
permanently remove the noted item from my credit history and portfolio, or report it as
a positive account on my credit profile, for it was *NOT* a personal debt!  This request is
for an agreement made pursuant to the Fair Debt Collection Practices Act.

I am requesting to pay the original amount of the debt, excluding the additional fees
and interest accrued on the debt. I received notice that Chase has turned this debt over
to Integrity Financial Enterprise, Inc. and they have failed to contact my attorney!

Be advised, that I am not requesting a "verification" that I need to pay the debt; I am
requesting competent evidence that I have some contractual obligation to pay you the
entire amount due. In the event that the amount is paid as agreed, I will pay the agreed
amount through my attorney. This will be the end result of the amount owed regarding
this debt and should any notice be served; I shall have this written authorization showing
that you have released me from this obligation.

Your failure to satisfy this request within the requirements of the Fair Debt Collection
Practices Act will be construed as your absolute waiver of any and all claims against me.
Further note, that your agreement will be to compensate me by removing the noted item,
or listing it paid as agreed with no derogatory reporting for said account (above) with the
(3) major credit reporting bureaus, Trans Union, Equifax and Experian.

My attorney and I look forward to a speedy resolution regarding this matter!

Regards,


Gerald Hollis
2272 95th Street
Naperville, IL  60564

**EXHIBIT
17**

**Cardmember Services**
P.O. Box 15298
Wilmington, DE 19850-5298
1-800-955-9900

# CHASE ⬡

January 7, 2010

GERALD HOLLIS
2272 W 95TH ST STE 200
NAPERVILLE IL  60564

RE: 4185812869069606

Dear Gerald Hollis:

Thank you for your recent request in which you asked that we update your credit bureau report. It's important to us that we promptly respond to your concerns.

In accordance with the terms of your Cardmember Agreement, you are personally responsible for the outstanding balance on your business card account. For this reason, information on your credit file may reflect payment history, including any late payments or related delinquency on this account. Business card accounts are not reported to the credit bureaus unless they become sixty days past due.

If you have any questions or we can be of further assistance, please call us at the toll-free number noted above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,


Daniele Bowling
Financial Service Advisor
Consumer Dispute Verifications
Fax: 1-888-593-8302


*Please see next page for important information*


**EXHIBIT 18**

CDV305    cdv305.doc

All credit-reporting agencies are separate entities from First USA, and Chase Bank USA, N.A., thereafter, "the Bank". Accordingly, the Bank will provide the updated information, as stated above, to the appropriate credit-reporting agencies. Once these steps have been taken by the Bank, neither First USA nor Chase Bank USA, N.A., can or will be held responsible for errors by the credit-reporting agencies.

Other than providing credit-reporting agencies with the changes, deletion, or entries described above, the Bank is not responsible for the actions or omissions of the credit-reporting agencies. Therefore, the Bank cannot guarantee, warrant, or take responsibility for the performance of any credit-reporting agency in changing, deleting, or making entries in relation to any derogatory credit information. For your reference, contact information for the three credit service agencies is listed below.

| | | |
|---|---|---|
| Experian (TRW) Corp | Equifax Options | Trans Union |
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 2000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19022 |
| 888-397-3742 | 800-685-1111 | 800-888-4213 |

CDV305    cdv305.doc

Equifax
P.O. Box # 105518
Atlanta, GA 30348

*Confirmation # 9280013946*

RE: Chase, Item # *418581286906*

Attention/Equifax:

I am *STILL* extremely upset concerning the credit report I recently received from your agency! This is totally out of control! I am just amazed that the government allows you to make such obvious errors that damage people so badly. I am willing to do whatever it takes to make you responsible for poor reporting practices if you do not respond quickly and accurately to this dispute letter.

The above listed account is outdated/in-accurate reporting. It should *not* even appear on my credit report. I have contacted my attorney and he wrote a letter to Chase and I have attached a copy of the letter for your convenience! In addition, please note that the debt was *NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT* responsible to pay. For the record, this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account! I have a response from Chase showing that this was a business account, which I have attached for you to view. Further note, that the account was closed in July of 2008, so Equifax has *NO* authority to list 11 of these late payments against me! I have also attached a copy of my Trans Union Response, indicating the closed date. Once again, I need you to check this information out with a re- investigation and remove the erroneous item at once, or my attorney is coming after Equifax, as well as Chase!

I will expect your speedy co-operation, for these oversights on your part are causing my FICO score to be adversely effected. That is *NOT* acceptable, nor will it be tolerated! I must insist that your reporting agency permanently remove this item at once.

Regards,

Gerald W. Hollis
2272 95th Street
Naperville, IL  60564

S.S.# 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, D.O.B. 11/26/1944

Attachments: 3 I.D.'s
        *Letter from Chase & Trans Union Response*

**EXHIBIT**
**19**

Experian
P.O. Box # 9701
Allen, TX 75013

RE: Chase, Item # *418581286906*

Attention/Experian:

I am *STILL* extremely upset concerning the credit report I recently received from your agency! This is totally out of control! I am just amazed that the government allows you to make such obvious errors that damage people so badly. I am willing to do whatever it takes to make you responsible for poor reporting practices if you do not respond quickly and accurately to this dispute letter.

The above listed account is outdated/in-accurate reporting. It should *not* even appear on my credit report. I have contacted my attorney and he wrote a letter to Chase and I have attached a copy of the letter for your convenience! In addition, please note that the debt was *NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT* responsible to pay. For the record, this erroneous account has been added to my credit report, but it needs to be removed, for it was converted to a personal account! I have a response from Chase showing that this was a business account, which I have attached for you to view. Further note, that the account was closed in July of 2008, so Experian has *NO* authority to list 9 of these late payments against me! I have also attached a copy of my Trans Union Response, indicating the closed date. Once again, I need you to check this information out with a re- investigation and remove the erroneous item at once, or my attorney is coming after Experian, as well as Chase!

I will expect your speedy co-operation, for these oversights on your part are causing my FICO score to be adversely effected. That is *NOT* acceptable, nor will it be tolerated! I must insist that your reporting agency permanently remove this item at once.

Regards,

Gerald W. Hollis
2272 95th Street
Naperville, IL 60564

S.S.# 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, D.O.B. 11/26/1944

Attachments: 3 I.D.'s
*Letter from Chase & Trans Union Response*

**EXHIBIT**
**20**

Trans Union
P.O. Box # 2000
Chester, PA  19022

*File # 212218188*

RE:  Chase, Item # *418581286906*

Attention/Trans Union:

I am *STILL* extremely upset concerning the credit report I recently received from your
agency!  Once again, I am just amazed that the government allows you to make such
obvious errors that damage people so badly.  I am willing to do whatever it takes to make
you responsible for poor reporting practices if you do not respond quickly and accurately
to this dispute letter.

The above listed account is outdated/in-accurate reporting.  It should *not* even appear on
my credit report.  I have contacted my attorney and he wrote a letter to Chase and I sent
you a copy of the letter for your convenience!  In addition, please note that the debt was
*NOT* incurred by me, but rather by a limited liability company for whose debts I am *NOT*
responsible to pay.  For the record, this erroneous account has been added to my credit
report, but it needs to be removed, for it was converted to a personal account!  I have
attached a copy of the recent letter I received from Chase, indicating that this was a
business account, and *NOT* a personal account. Please check this information out with
a re-investigation and remove the erroneous item at once, or my attorney is coming after
Trans Union, as well as Chase!

I will expect your speedy co-operation, for these oversights on your part are causing my
FICO score to be adversely effected. That is *NOT* acceptable, nor will it be tolerated! I
must insist that your reporting agency permanently remove this item at once.

Regards,

Gerald W. Hollis
2272 95th Street
Naperville, IL  60564

S.S.# 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, D.O.B. 11/26/1944

Attachments:  3 I.D.'s
                      *Letter from Chase*

**EXHIBIT**
**21**

# SIMS LAW FIRM, LTD.

### 1755 PARK STREET, SUITE 200
### NAPERVILLE, IL 60563

Bryan M. Sims          630-344-9267          bsims@simslawfirm.com
                       630-689-9072 (fax)

March 18, 2010

Daniele Bowling
Financial Service Advisor
Customer Dispute Verifications
PO Box 2188
Westport, CT 06880-0188

**RE:**   Gerald Hollis, 1120 Langley Circle, Naperville, Illinois
          Account No. 4185812869069606

Sent Via: Certified Mail

To Ms. Bowling:

I represent Gerald Hollis with respect to your attempt to collect the above described debt. Mr. Hollis disputes the validity of this debt. The debt was not incurred by him individually, but rather by a limited liability company for whose debts he is not responsible.

Over the course of the last year, I have requested, on multiple occasions, verification from Chase that this debt is valid. Further, I have explicitly requested a copy of any documentation that you have that demonstrates that Mr. Hollis is liable for this debt.

Despite these multiple requests, we have received absolutely no documentation from Chase. Further, your letter of January 7, 2010, in no way responds to the requests that we have made.

Instead, you claim in that letter that "In accordance with the terms of your Cardmember Agreement, you are personally responsible for the outstanding balance on your business card account." Despite this assertion, however, you have provided us with neither a copy of the purported cardmember agreement nor any document demonstrating that Mr. Hollis agreed to any such agreement.

Consequently your continued attempts to collect this debt violates the Fair Debt Collection Practices Act. Further, your continued insistence on reporting this debt to credit reporting agencies violates the Fair Credit Reporting Act.

I demand that you immediately cease any further attempts to collect this debt and that you remove this debt from all credit reporting agencies. If you refuse to comply, my client will have no choice but to seek redress under the applicable federal statutes.

**EXHIBIT**
**22**

# SIMS LAW FIRM, LTD.

### 1755 PARK STREET, SUITE 200
### NAPERVILLE, IL 60563

Bryan M. Sims

630-344-9267
630-689-9072 (fax)

bsims@simslawfirm.com

Sincerely,


Bryan M. Sims

Cc: Gerald Hollis

Document received on 06/30/2010 11:12:44  Document accepted on 06/30/2010 11:49:17 # 2707272/76565

# SIMS LAW FIRM, LTD.

## 1755 PARK STREET, SUITE 200
## NAPERVILLE, IL 60563

Bryan M. Sims          630-344-9267          bsims@simslawfirm.com
                       630-689-9072 (fax)

March 18, 2010

Equifax Credit Information Services, Inc.
P.O. Box 740241
Atlanta, GA 30374

**RE:**   Gerald Hollis, 1120 Langley Circle, Naperville, IL 60563
          SSN: 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

Sent Via: Certified Mail

To whom it may concern:

On October 21, 2009, I contacted you on behalf of Gerald Hollis. In that letter, I requested that you investigate a debt that you were reporting from Chase. That debt is a credit card, account number 4185812869069606. The original creditor was Washington Mutual and the current creditor is Chase.

On January 8, 2010, you contacted my client, told him that you had investigated the debt and found it to be valid. We object to this conclusion and believe that it violates your obligations under the Fair Credit Reporting Act.

Over the past year I have made multiple demands upon Chase to produce any documentation demonstrating that my client is liable for this debt. Despite these requests (dating back to July 2009), Chase has not produced a single document demonstrating that my client is liable for this debt. Because of its failure to produce documents demonstrating my client's liability, any attempt by Chase to attempt to collect this alleged debt violates the Fair Debt Collections Practices Act. Further, the continued reporting of the debt on Mr. Hollis's credit report violates the Fair Credit Reporting Act.

Consequently, I demand that you remove any reference to this account from Mr. Hollis's credit report.

Sincerely,

Bryan M. Sims

**EXHIBIT 23**

CC: Gerald Hollis

**Cardmember Services**
P.O. Box 15298
Wilmington, DE 19850-5298
1-800-955-9900



March 19, 2010


GERALD HOLLIS
2272 W 95TH ST STE 200
NAPERVILLE IL  60564


RE: 4185812869069606

Dear Gerald Hollis:

Thank you for your recent request in which you asked that we update your credit bureau report. It's important to us that we promptly respond to your concerns.

In accordance with the terms of your Cardmember Agreement, you are personally responsible for the outstanding balance on your business card account. For this reason, information on your credit file may reflect payment history, including any late payments or related delinquency on this account. Business card accounts are not reported to the credit bureaus unless they become sixty days past due.

If you have any questions or we can be of further assistance, please call us at the toll-free number noted above.  For your convenience, we are available 24 hours a day to assist you

Sincerely,



Daniele Snedegar
Financial Service Advisor
Consumer Dispute Verifications
Fax: 1-888-593-8302



\*Please see next page for important information\*


EXHIBIT
24


CDV305    cdv305.doc

All credit-reporting agencies are separate entities from First USA, and Chase Bank USA, N.A., thereafter, "the Bank". Accordingly, the Bank will provide the updated information, as stated above, to the appropriate credit-reporting agencies. Once these steps have been taken by the Bank, neither First USA nor Chase Bank USA, N.A., can or will be held responsible for errors by the credit-reporting agencies.

Other than providing credit-reporting agencies with the changes, deletion, or entries described above, the Bank is not responsible for the actions or omissions of the credit-reporting agencies. Therefore, the Bank cannot guarantee, warrant, or take responsibility for the performance of any credit-reporting agency in changing, deleting, or making entries in relation to any derogatory credit information. For your reference, contact information for the three credit service agencies is listed below.

| Experian (TRW) Corp | Equifax Options | Trans Union |
|---|---|---|
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 2000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19022 |
| 888-397-3742 | 800-685-1111 | 800-888-4213 |

CDV305   cdv305.doc

# SIMS LAW FIRM, LTD.

## 1755 PARK STREET, SUITE 200
## NAPERVILLE, IL 60563

Bryan M. Sims

630-344-9267
630-689-9072 (fax)

bsims@simslawfirm.com

May 24, 2010

Daniele Snedegar
Financial Service Advisor
Consumer Dispute Verifications
Chase
PO Box 15298
Wilmington, DE 19850-9900

**RE:** Gerald Hollis, 1120 Langley Circle, Naperville, Illinois

Sent Via: Facsimile (888-593-8302)

To Daniele Snedegar:

I represent Gerald Hollis with respect to your attempt to collect the above described debt. Mr. Hollis disputes the validity of this debt. The debt was not incurred by individually, but rather by a limited liability company for whose debts he is not responsible.

Both Mr. Hollis and myself have contacted Chase on multiple occasions seeking verification that the debt you are attempting to collect is valid. On each occasion, both Mr. Hollis and myself have specifically requested that Chase provide us with a copy of the cardmember agreement that Mr. Hollis allegedly executed.

On each occasion, Chase has responded by stating that purported cardmember agreement provides that Mr. Hollis is personally liable for the debt. Yet, on each occasion, Chase has refused to provide a copy of this alleged cardmember agreement.

Based upon Chase's actions during these communications, there can be no question but that Chase has no copy of any such cardmember agreement ever executed by Mr. Hollis. Further, given the decision of the Illinois Appellate Court in *Velocity Investments, LLC v. Alston*, 922 N.E.2d 538, there is no question that your attempt to collect this alleged debt violates Illinois law as well as the Fair Debt Collection Practices Act.

Until now your actions have been in violation of the law, but they had not yet harmed my client. However, my client now has now incurred damages as a result of your damage to his

**EXHIBIT**
**25**

credit report. Fortunately, if we act quickly, the damages can be minimized and this matter can be resolved.

Despite the fact that Chase has no valid basis to attempt to collect this debt, my client is willing to pay a small sum to resolve this matter on the condition that any adverse information is immediately removed from his credit report.

If Chase will agree to immediately remove all negative references to this account from Mr. Hollis's credit report and report the account as closed by Mr. Hollis, he will pay Chase the sum of $2,000 to resolve this matter.

If Chase is not willing to do this, my client will have no choice but to seek relief against Chase for violations of federal and state law, seek damages for the injuries caused to his credit report, and seek temporary, preliminary, and permanent injunctive relief against Chase.

If Chase is interested in resolving this matter as offered, please contact me by 4 PM CT on Wednesday, May 26. If I do not hear from you by then, my client will have no choice but to seek relief from the courts.

Sincerely,

Bryan M. Sims

Cc: Gerald Hollis

Jun 08 10 02:53p    Rose Hollis                                    630 904-5500          p.1

P.O. BOX 5804                                    **Valentine & Kebartas, Inc.**
TROY MI 48007-5804                               P.O. Box 325
RETURN SERVICE REQUESTED                         Lawrence, MA 01842
                                                 (800) 731-7766

S-OTVAKI10 L-135 A-011027690-01-0616
P14GBC00200418 I01250
GERALD HOLLIS                                     VALENTINE & KEBARTAS, INC.
1120 LANGLEY CIR                                 P.O. BOX 325
NAPERVILLE IL 60563-2040                         LAWRENCE MA 01842-0325

June 2, 2010

| Account No: | Total Due: |
| --- | --- |
| 389128192 | $ 11249.06 |
| Client:  RESURGENT | |

✂  Detach Upper Portion And Return With Payment  ✂

MERCHANT NAME:  NONE
VKI ACCT#: 011027690-01-0616
CLIENT:  RESURGENT
CLIENT REF#: 389128192
**TOTAL DUE : $ 11249.06**
OWNER NAME: LVNV FUNDING LLC

Dear GERALD HOLLIS,

WE HAVE BEEN ASKED TO CONTACT YOU TO ARRANGE A RESOLUTION OF YOUR DELINQUENT
ACCOUNT WITH CHASE BANK USA N.A..

ACCORDING TO OUR CLIENT'S RECORDS, FULL PAYMENT OF YOUR ACCOUNT IS LONG OVERDUE.
PLEASE CONTACT OUR OFFICE AT (800) 731-7766.

USE THE ENCLOSED ENVELOPE TO REMIT PAYMENT OF THE OUTSTANDING BALANCE.

**\*\*\* IMP●RTANT \*\*\***

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE
THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS
VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT
YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN
VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH
JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER
RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE
ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS COMMUNICATION IS FROM A
DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE. SHOULD YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US AT THE
ABOVE TOLL FREE NUMBER.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
**Office Hours**
**Monday - Thursday: 8am - 8pm**
**Friday: 8am - 5pm**
**Saturday: 8am - Noon**

**EXHIBIT
26**

# SIMS LAW FIRM, LTD.

### 1755 PARK STREET, SUITE 200
### NAPERVILLE, IL 60563

| | | |
|---|---|---|
| Bryan M. Sims | 630-344-9267<br>630-689-9072 (fax) | bsims@simslawfirm.com |

June 11, 2010

Valentine & Kebartas, Inc.
15 Union Street
Lawrence, Massachusetts  01840

RE:  Gerald Hollis
      Account No. 389128192

Sent Via: FedEx Overnight Delivery

To whom it may concern:

    I represent Gerald Hollis with respect to your attempt to collect the above described debt. Mr. Hollis disputes the validity of this debt. The debt was not incurred by individually, but rather by a limited liability company for whose debts he is not responsible.

    Further, Mr. Hollis has disputed this debt on multiple occasions with the original creditor. In each instance that creditor has refused to provide Mr. Hollis with any evidence that he is responsible for the alleged debt.

    By this letter I am demanding that you cease any further attempts to collect this debt and that you remove any negative references relating to this debt from my client's credit reports. Further, I demand that you provide me with documentation supporting your claim that the debt is valid. In particular, I request the identity of the original creditor and copies of the original documents creating this account, including, but not limited to, any application and any proof of identification. Finally, I direct you to cease all further communication with Mr. Hollis and demand that you direct any further communication to me.

    As explained above, I have previously requested this documentation from the original creditor and they provided me with no documents, let alone any proof that Mr. Hollis is liable for the debt. Consequently, you are attempting to collect a debt that you know is not valid. As I am sure you are aware, such attempts violate the Fair Debt Collection Practices Act.

    I would further note that your attempts to collect this debt through Mr. Hollis's son are improper and are themselves a violation of the Fair Debt Collection Practices Act.

**EXHIBIT**

**27**

# SIMS LAW FIRM, LTD.

### 1755 PARK STREET, SUITE 200
### NAPERVILLE, IL 60563

Bryan M. Sims

630-344-9267
630-689-9072 (fax)

bsims@simslawfirm.com

I am in the process of preparing a lawsuit to seek damages against Chase for its violations of the Fair Debt Collections Practices Act. If you do not wish to be included as a defendant in this action, I urge you to contact me immediately to resolve this matter. I can be reached at 630-344-9267 or via email at bsims@simslawfirm.com.

Sincerely,

Bryan M. Sims

CC: Gerald Hollis

Document received on 06/30/2010 11:12:44  Document accepted on 06/30/2010 11:49:17 # 2707272/76565

# Exhibit B

SUMMONS - CIRCUIT COURT

3101-1 (Rev. 10/08)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

Gerald Hollis

PLAINTIFF

vs

Chase, Equifax, Inc., Experian
Information Solutions, Inc., Trans
Union, LLC, and Valentine &
Kebartas, Inc.

DEFENDANT

## 2010MR960

**CASE NUMBER**

## SUMMONS
**CIRCUIT COURT**
☒ ORIGINAL   ☐ ALIAS

File Stamp Here

**To each Defendant:**

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**To the Officer**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

| **DATE OF SERVICE** |
| --- |
| TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON |

Name: _____ Bryan Sims _____ ☐ PRO SE

DuPage Attorney Number: _____ 248018 _____

Attorney for: _____ Plaintiff _____

Address: _____ 1755 Park St., Suite 200 _____

City/State/Zip: _____ Naperville, IL 60563 _____

Telephone Number: _____ 630-344-9267 _____

**WITNESS:**

CHRIS KACHIROUBAS Electronically Issued Eighteenth
Judicial 06/30/2010 ourt, and the seal thereof, Wheaton,
Illino _____ CHRIS KACHIROUBAS, Clerk

JAMES KUFER
Deputy Clerk

**Transaction ID : 2707272**

Deputy Clerk

**NOTE:**

The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

**CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60189-0707**
Document received on 06/30/2010 11:12:44  Document accepted on 06/30/2010 11:49:20 # 2707272/76565

Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GERALD HOLLIS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.** |
| **CHASE, EQUIFAX, INC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, and VALENTINE & KEBARTAS, INC.,** | **Judge** |
| **Defendants.** | |

**CONSENT TO REMOVAL**

Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., through its attorneys,

acknowledges its consent to removal of this action from the Circuit Court of the Eighteenth

Judicial Circuit, DuPage County, Illinois, to the United States District Court for the Northern

District of Illinois, Eastern Division.

Dated: August 2, 2010

Counsel for Defendant,
EXPERIAN INFORMATION SOLUTIONS,
INC.

s/ Victoria L. Holland
Victoria L. Holland (6293021)
JONES DAY
77 West Wacker Drive
Chicago, Illinois  60601-1692
Telephone:    (312) 269-1588
Facsimile:    (312) 782-8585
Electronic mail:  vholland@jonesday.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GERALD HOLLIS,                                               ) | |
|                                                              ) | |
|      Plaintiff,                     ) | |
|                                                              ) | Case No.: |
|     vs.                                  ) | |
|                                                              ) | Judge: |
| CHASE, EQUIFAX, INC, EXPERIAN                                ) | Magistrate Judge: |
| INFORMATION SOLUTIONS, INC.,                                 ) | |
| TRANSUNION, LLC, and VALENTINE                               ) | **Consent to Removal** |
| & KEBARTAS, INC.,                                            ) | |
|                                                              ) | |
|      Defendants.                    ) | |

Defendant CHASE BANK USA, N.A., through its attorneys, acknowledges its consent to

removal of this action from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County,

Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.


Dated:  August  4  , 2010.

 

                                       *Authorized Representative for Defendant*
                                       *Chase Bank USA, N.A.*

                                       Gregory Scott Gistenson
                                       Barnes & Thornburg LLP
                                       One N. Wacker Drive
                                       Suite 4400
                                       Chicago, Illinois 60606-2833
                                       Tel.: (312) 357-1313
                                       Fax: (312) 759-5646
                                       gregory.gistenson@btlaw.com

# Exhibit D



# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

GERALD HOLLIS,

    Plaintiff,

v.

CHASE, EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and VALENTINE & KEBARTAS, INC.,

    Defendants.

Case No. 10 MR 960



## ORDER DISMISSING TRANS UNION, LLC

IT IS HEREBY ORDERED that pursuant to the agreement reached between Plaintiff Gerald Hollis and Defendant Trans Union, LLC, all claims against Trans Union, LLC, are dismissed with prejudice.

No just reason exists to delay either the enforcement or appeal of this order.

Dated: August *02*, 2010

_____
JUDGE

PHILIP R. SHELDON
DEPUTY CLERK

Bryan M. Sims
Sims Law Firm, Ltd.
1755 Park St.
Suite 200
Naperville, IL 60563
630-344-9267
630-689-9072 (fax)
bsims@simslawfirm.com
www.simslawfirm.com
Attorney No. 248018