**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GERALD HOLLIS,

      Plaintiff,

 v.

CHASE, EQUIFAX INC., EXPERIAN
INFORMATION SOLUTIONS, INC., TRANS
UNION, LLC, and VALENTINE &
KEBARTAS, INC.,

      Defendants

Case No. 1:10-cv-04937

Judge Milton I. Shadur

**JURY DEMANDED**

**DEFENDANT EQUIFAX INC.'S ANSWERS AND DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant EQUIFAX INC. ("Equifax"), by its attorneys POLSINELLI

SHUGHART PC and KING & SPALDING LLP, and answering Plaintiffs' Complaint, states as

follows:

1.    Plaintiff Gerald Hollis is an individual residing in Naperville, DuPage County,

Illinois.

**ANSWER:**   Equifax admits the allegation contained in Paragraph 1 of Plaintiff's Complaint.

2.    Defendant Chase is a subsidiary of JPMorgan Chase and has its principal place of

business in Chicago, Illinois.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and thus
denies same.

3.    Defendant Equifax, Inc., is a foreign corporation registered to do business in the

state of Illinois.

**ANSWER:**   Equifax admits the allegation contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Experian Information Solutions, Inc., is a foreign corporation registered to do business in the state of Illinois.

**ANSWER:** Equifax admits the allegation contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant Trans Union LLC is a foreign corporation with its principal place of business in Chicago, Illinois.

**ANSWER:** Equifax admits the allegation contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant Valentine & Kebartas, Inc., is a foreign corporation registered to do business in the state of Illinois.

**ANSWER:** Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and thus denies same.

7. Rose Hollis, L.L.C. is an Illinois limited liability company with its principal place of business in Naperville, DuPage County, Illinois.

**ANSWER:** Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and thus denies same.

8. Plaintiff is a manager of Rose Hollis L.LC.

**ANSWER:** Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and thus denies same.

9. In approximately 2006 Rose Hollis, LL.C. applied for a corporate credit card from Providian Financial Corporation.

**ANSWER:** Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and thus denies same.

10. Providian Financial Corporation granted a credit card to Rose Hollis, L.L.C.

**ANSWER:** Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and thus denies same.

11.     Thereafter, that card and any outstanding balance was transferred to Washington Mutual Bank.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and thus denies same.

12.     Thereafter, the card and any outstanding balance was transferred to Chase.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and thus denies same.

13.     On or about July 2009, despite the fact that the account for the card was in the name of Rose Hollis, L.L.C., Chase began attempting to collect the amounts due under the card from Plaintiff.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and thus denies same.

14.     On July 21, 2009, Plaintiff's counsel contacted Chase by letter.  In that letter, Plaintiff's counsel disputed the charge and requested that Chase provide Plaintiff with proof that he was responsible for the debt A true and correct copy of this letter is attached as Exhibit 1.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his attorney to Chase.

15.     Despite Plaintiff's request.  Chase provided no documents to support its claim that Plaintiff was responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and thus denies same.

16.     Instead, Chase attempted to collect the debt.  A true and correct copy of a letter sent by Chase on or about July 28, 2009, is attached as Exhibit 2.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Chase to him regarding an attempt by Chase to settle the subject debt with Plaintiff.

17.   Thereafter, still not having responded to Plaintiff's request for documentation, Chase retained Integrity Financial Partners, Inc., to attempt to collect the debt A true and correct copy of the demand letter from Integrity is attached as Exhibit 3.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Integrity to him regarding an attempt by Chase to settle the subject debt with Plaintiff.

18.   On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Equifax.  A true and correct copy of this letter is attached as Exhibit 4.

**ANSWER:**   Equifax denies the allegation contained in Paragraph 18 of Plaintiff's Complaint. Plaintiff's letter in Exhibit 4 is not dated.  However, Equifax admits that on October 5, 2009 it received a different letter from Plaintiff disputing several credit accounts, including the subject Chase account was " outdated and inaccurately reported."  Plaintiff further stated the account was "incurred by a limited liability company whose debts I am not responsible to pay."  Plaintiff also included a copy of a June 21, 2009 letter from his current counsel to Chase.  Equifax contacted Chase on Plaintiff's behalf to inform Chase of Plaintiff's dispute.  Chase responded to Equifax on October 15, 2009.

19.   On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Experian.  A true and correct copy of this letter is attached as Exhibit 5.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Experian.

20.   On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Trans Union.  A true and correct copy of this letter is attached as Exhibit 6.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Trans Union.

21.     On October 15, 2009, after still not responding to Plaintiff's request for documentation, Chase continued to attempt to collect the debt from Plaintiff.  A true and correct copy of the letter from Chase dated October 15, 2009, is attached as Exhibit 7.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Chase to him regarding an attempt by Chase to investigate the subject debt for  Plaintiff.

22.     On October 16, 2009, Integrity again attempted to collect this debt from Plaintiff. A true and correct copy of the letter from Integrity dated October 16, 2009, is attached as Exhibit 8.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Integrity to him regarding an attempt by Chase to settle the subject debt with Plaintiff.

23.     On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Equifax.  A true and correct copy of the letter to Equifax is attached as Exhibit 9.

**ANSWER:**     Equifax admits that on October 22, 2009 it received a response from Plaintiff providing proof of his identification as requested.  Equifax also admits that on October 25, 2009 it received the letter attached as Exhibit 9.  Equifax again contacted Chase on Plaintiff's behalf to inform Chase of Plaintiff's dispute.  Chase responded to Equifax's inquiry on October 29, 2009.

24.     In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 24 of Plaintiff's Complaint.

25.     On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Experian.  A true and correct copy of the letter to Experian is attached as Exhibit 10.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his current counsel to Experian.

26.     In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 26 of Plaintiff's Complaint.

27.     On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Trans Union.  A true and correct copy of the letter to Trans Union is attached as Exhibit 11.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his current counsel to Trans Union.

28.     In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 28 of Plaintiff's Complaint.

29.     Also on October 21, 2009, Plaintiff disputed this debt with Integrity.  A true and correct copy of the letter to Integrity is attached as Exhibit 12.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his current counsel to Integrity.

30.     On October 29, 2009. Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt A true and correct copy of this letter is attached as Exhibit 13.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Chase to him which states Plaintiff is being held personally liable for the subject debt.  Chase also states that credit reporting may reflect "*any late payments or related delinquency on this account.*"

31.     Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation.  Chase provided Plaintiff with no documentation supporting that its claim was valid.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and thus denies same.

32.     On or about mid-November 2009, Plaintiff disputed this debt with Equifax.  A true and correct copy of this letter is attached as Exhibit 14.

**ANSWER:**     Equifax denies it received the letter attached as Exhibit 14.  Equifax admits that on November 23, 2009 it received a different undated letter disputing the subject Chase account. Plaintiff attached several documents to his letter and agsint stated he was no personally liable for the subject account.  Equifax again contacted Chase on Plaintiff's behalf notifying Chase of Plaintiff's dispute.  Chase responded to Equifax on November 27, 2009.

33.     On or about mid-November 2009, Plaintiff disputed this debt with Experian.  A true and correct copy of this letter is attached as Exhibit 15.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Experian.

34.     On or about mid-November 2009, Plaintiff disputed this debt with Trans Union. A true and correct copy of this letter is attached as Exhibit 16.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Trans Union.

35.     On or about mid-November 2009, Plaintiff disputed this debt with Chase.  A true and correct copy of this letter is attached as Exhibit 17.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Chase.

36.     This letter once again requested that Chase provide Plaintiff with some evidence that he was responsible for the debt that Chase was trying to collect.

**ANSWER:**     Equifax admits that Plaintiff states in Exhibit 17 that he "*does not refuse to pay the subject debt* but *compromises to pay the debt at an amount agreed by his current attorney*". Plaintiff also states in the letter that he "*is not requesting a 'verification' that [he] needs to pay the debt*" but requests "*some competent evidence that* [he] *has some* "*contractual obligation to pay* [Chase] *the entire amount due*."

37.     On January 7, 2010, Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt.  A true and correct copy of this letter is attached as Exhibit 18.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Chase to him regarding Chase's assertion that Plaintiff is held responsible for the subject debt.

38.     Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation supporting that its claim was valid.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and thus denies same.

39.     On or about January 10, 2010, Plaintiff again disputed the debt with Equifax.  A true and correct copy of this letter is attached as Exhibit 19.

**ANSWER:**     Equifax denies that it received Exhibit 19 as alleged.  Equifax admits that on December 28, 2009 it received a different letter from Plaintiff again disputing that subject account though he was told several time by Chase he was being held responsible for the subject debt.  Equifax again contacted Chase on Plaintiff's behalf to inform Chase of Plaintiff's dispute that he was not personally liable for the subject business debt.  Chase responded to Equifax on January 7, 2010.

40.     On or about January 10, 2010, Plaintiff again disputed the debt with Experian.  A true and correct copy of this letter is attached as Exhibit 20.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Experian.

41.     On or about January 10, 2010, Plaintiff again disputed the debt with Trans Union.

A true and correct copy of this letter is attached as Exhibit 21.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of an undated letter from him to Trans Union.

42.     On March 18, 2010, Plaintiff's counsel contacted Chase again, disputing the debt and requesting documentation that Plaintiff was responsible for it.  A true and correct copy of this letter is attached as Exhibit 22.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his current counsel to Chase.

43.     On March 18, 2010, Plaintiff's counsel again contacted Equifax pointing out that despite multiple requests, Chase had refused to provide any documentation supporting its claim that Plaintiff was responsible for the debt.  A true and correct copy of this letter is attached as Exhibit 23.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 43 of Plaintiff's Complaint.

44.     On March 19, 2010, Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt.  A true and correct copy of this letter is attached as Exhibit 24.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Chase to him regarding Chase's assertion that Plaintiff is held responsible for the subject debt.

45.     Despite referencing the "Cardmember Agreement" in the letter, and despite

Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation

supporting that its claim was valid.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint and thus
denies same.

46.     On April 2, 2010, Chase sent Plaintiff a copy of certain credit card statements.

However, Chase still did not provide Plaintiff with any documentation establishing that he was

liable for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and thus
denies same.

47.     On May 24, 2010, Plaintiff's counsel contacted Chase against, seeking to resolve

this matter without further damage to Plaintiff's credit rating.  A true and correct copy of this

letter is attached as Exhibit 25.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint and thus
denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his
current counsel to Chase.

48.     As of the date of the preparation of this pleading Chase has not yet responded to

this letter.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint and thus
denies same.

49.     On June 2. 2010, Valentine & Kebartas, Inc., which has apparently been retained

by Chase to collect the debt, contacted Plaintiff, seeking to collect the debt.  A true and correct

copy of this letter is attached as Exhibit 26.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint and thus

denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from Integrity to him regarding an attempt by Chase to settle the subject debt with Plaintiff.

50.     On June 11, 2010, Plaintiff's counsel disputed the debt with Valentine & Kebartas.  A true and correct copy of this letter is attached as Exhibit 27.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint and thus denies same.  Equifax does admit Plaintiff attached what appears to be a copy of a letter from his current counsel to Valentine & Kebartas.

51.     Plaintiff adopts paragraphs 1 through 50 as paragraph 51.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1 - 50 herein.

52.     At all times, Chase owed a duty to Plaintiff to refrain from collecting a debt from him for which he was not responsible.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint and thus denies same.

53.     At all times, Chase owed a duty to Plaintiff to refrain from placing negative references against Plaintiff's credit for accounts for which he was not responsible.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint and thus denies same.

54.     At all times, Chase owed a duty to Plaintiff to remove negative references from Plaintiff's credit upon determining that Plaintiff was not responsible for a debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint and thus denies same.

55.     Plaintiff is not liable or responsible for the debt for which Chase is attempting to collect.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint and thus

denies same.

56.     Upon information and belief, Chase cannot produce any documentation establishing that Plaintiff is liable or responsible for the debt for which Chase is attempting to collect.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint and thus denies same.

57.     Chase has attempted to continue to collect the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint and thus denies same.

58.     Chase has continued to report the debt as a negative reference on Plaintiff's credit.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint and thus denies same.

59.     Chase has not removed the negative references relating to the debt from Plaintiff's credit.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint and thus denies same.

60.     Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Chase knew that Plaintiff was not responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint and thus denies same.

61.     Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt.  Chase knew that it could not establish that Plaintiff was responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint and thus denies same.

62.     When Chase continued to attempt to collect the debt, it knew that Plaintiff was not responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint and thus denies same.

63.     When Chase continued to attempt to collect the debit, it knew it could not establish that Plaintiff was responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint and thus denies same.

64.     When Chase continued to place negative references on Plaintiff's credit, it knew that Plaintiff was not responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint and thus denies same.

65.     When Chase continued to place negative references on Plaintiff's credit, it knew it could not establish that Plaintiff was responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint and thus denies same.

66.     When Chase did not remove the negative references from Plaintiff's credit, it knew that Plaintiff was not responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and thus denies same.

67.     When Chase did not remove the negative references from Plaintiff's credit, it knew it could not establish that Plaintiff was responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint and thus denies same.

68.     Plaintiff is now attempting to purchase a home using a loan from the Veteran's

Administration.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint and thus denies same.

69.     Plaintiff is unable to purchase the home because of the negative references on his

credit report from this Chase account.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint and thus denies same.

70.     But for the negative references on his credit report from this Chase account,

Plaintiff would be able to purchase the home.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint and thus denies same.

71.     Plaintiff has been damaged by Chase's actions.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint and thus denies same.

72.     Plaintiff adopts paragraphs 1 through 71 as paragraph 72.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-71 herein.

73.     Equifax had a duty to refrain from publishing information about Plaintiff's credit

was that incorrect.

**ANSWER:**     Equifax denies it reported inaccurate information regarding Plaintiff.

74.     Equifax had a duty to remove information about Plaintiff's credit that it learned was incorrect.

**ANSWER:**     Equifax denies it reported inaccurate information regarding Plaintiff.

75.     Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Equifax knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

**ANSWER:**     Equifax denies it reported inaccurate information regarding Plaintiff.

76.     Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Equifax knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

**ANSWER:**     Equifax denies it reported inaccurate information regarding Plaintiff.

77.     Despite its knowledge that the information from Chase was inaccurate, Equifax continued to publish inaccurate information about that debt on Plaintiff's credit report.

**ANSWER:**     Equifax denies it reported inaccurate information regarding Plaintiff.

78.     Despite its knowledge that the information from Chase was inaccurate, Equifax did not remove the inaccurate information from Plaintiff's credit report.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 78 or Plaintiff's Complaint.

79.     Plaintiff has been damaged by Equifax's actions.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 79 or Plaintiff's Complaint.

80.     Plaintiff adopts paragraphs 1 through 71 as paragraph 80.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-79

herein.

81.     Experian had a duty to refrain from publishing information about Plaintiff's credit

was that incorrect

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint and thus denies same.

82.     Experian had a duty to remove information about Plaintiff's credit that it learned

was incorrect.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint and thus denies same.

83.     Based upon the correspondence from Plaintiff and Plaintiff's counsel, and

Chase's actions in failing to produce any documentation establishing that Plaintiff was

responsible for the debt, Experian knew or should have known that the information it was

publishing about the debt on Plaintiff's credit report was inaccurate.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint and thus denies same.

84.     Based upon the correspondence from Plaintiff's counsel, and Chase's actions in

failing to produce any documentation establishing that Plaintiff was responsible for the debt,

Experian knew or should have known that it should remove the negative references about the

debt from Plaintiff's credit report.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Complaint and thus denies same.

85.     Despite its knowledge that the information from Chase was inaccurate, Experian

continued to publish inaccurate information about that debt on Plaintiff's credit report.

**ANSWER:**   Defendant Equifax is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint and thus denies same.

86.     Despite its knowledge that the information from Chase was inaccurate, Experian

did not remove the inaccurate information from Plaintiff's credit report.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint and thus denies same.

87.     Plaintiff has been damaged by Experian's actions.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint and thus denies same.

88.     Plaintiff adopts paragraphs 1 through 71 as paragraph 88.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-87 herein.

89.     Trans Union had a duty to refrain from publishing information about Plaintiff's

credit was that incorrect.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint and thus denies same.

90.     Trans Union had a duty to remove information about Plaintiff's credit that it

learned was incorrect.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint and thus denies same.

91.     Based upon the correspondence from Plaintiff and Plaintiff's counsel, and

Chase's actions in failing to produce any documentation establishing that Plaintiff was

responsible for the debt Trans Union knew or should have known that the information it was

publishing about the debt on Plaintiff's credit report was inaccurate.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 91 of Plaintiff's Complaint and thus denies same.

92.     Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Trans Union knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint and thus denies same.

93.     Despite its knowledge that the information from Chase was inaccurate, Trans Union continued to publish inaccurate information about that debt on Plaintiff's credit report.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint and thus denies same.

94.     Despite its knowledge that the information from Chase was inaccurate, Trans Union did not remove the inaccurate information from Plaintiff's credit report.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiff's Complaint and thus denies same.

95.     Plaintiff has been damaged by Trans Union's actions.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's Complaint and thus denies same.

96.     Plaintiff adopts paragraphs 1 through 71 as paragraph 96.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-95 herein.

97.     At all times, Valentine & Kebartas owed a duty to Plaintiff to refrain from collecting a debt from him for which he was not responsible.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint and thus

denies same.

98.     Plaintiff is not liable or responsible for the debt for which Valentine & Kebartas is

attempting to collect.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint and thus
denies same.

99.     Upon information and belief, Valentine & Kebartas cannot produce any

documentation establishing that Plaintiff is liable or responsible for the debt for which Valentine

& Kebartas is attempting to collect.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Complaint and thus
denies same.

100.     Valentine & Kebartas has attempted to continue to collect the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint and thus
denies same.

101.     Based upon Plaintiff's communications as well as its inability to produce any

documentation establishing that Plaintiff is responsible for the debt, Valentine & Kebartas knew

or should have known that Plaintiff was not responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint and thus
denies same.

102.     Based upon Plaintiff's communications as well as its inability to produce any

documentation establishing that Plaintiff is responsible for the debt, Valentine & Kebartas knew

or should have known knew that neither it nor Chase could establish that Plaintiff was

responsible for the debt

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 102 of Plaintiff's Complaint and thus
denies same.

103.    When Valentine & Kebartas continued to attempt to collect the debt, it knew or

should have known that Plaintiff was not responsible for the debt.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 103 of Plaintiff's Complaint and thus
denies same.

104.    When Valentine & Kebartas continued to attempt to collect the debt, it knew or

should have known that neither it nor Chase could establish that Plaintiff was responsible for the

debt.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 104 of Plaintiff's Complaint and thus
denies same.

105.    Plaintiff has been damaged by the actions of Valentine & Kebartas.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 105 of Plaintiff's Complaint and thus
denies same.

106.    Plaintiff adopts paragraphs 1 through 79 as paragraph 106.

**ANSWER:**    Equifax re-states and incorporates its answers and defenses to paragraphs 1-105
herein.

107.    Chase has attempted to collect this debt as a consumer debt, as defined by the Fair

Debt Collection Practices Act.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 107 of Plaintiff's Complaint and thus
denies same.

108.    Chase has attempted to collect this debt from a consumer.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint and thus
denies same.

109.    Chase is a debt collector as defined by the Fair Debt Collection Practices Act.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in Paragraph 109 of Plaintiff's Complaint and thus

denies same.

110.    Chase has violated the Fair Debt Collection Practices Act by attempting to collect

a debt from Plaintiff for which it knows Plaintiff is not liable.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's Complaint and thus denies same.

111.    Pursuant to the Fair Debt Collection Practices Act, Plaintiff is entitled to recover

attorneys fees incurred in brining this action.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's Complaint and thus denies same.

112.    Plaintiff adopts paragraphs 1 through 71 and 96 through 111 as paragraph 112.

**ANSWER:**    Equifax re-states and incorporates its answers and defenses to paragraphs 1-111 herein.

113.    Valentine & Kebartas is a debt collector as defined by the Fair Debt Collection

Practices Act.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiff's Complaint and thus denies same.

114.    The Fair Debt Collection Practices Act forbids a debt collector from attempting to

collect a debt through a third party.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiff's Complaint and thus denies same.

115.    On or about June 10, 2010, a representative of Valentine & Kebartas contacted

Plaintiff's son and attempted to collect the debt through him.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiff's Complaint and thus denies same.

116.    Valentine & Kebartas has violated the Fair Debt Collection Practices Act by attempting to collect the debt through a third party.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiff's Complaint and thus denies same.

117.    Once a demand for verification of a debt has been made, the Pair Debt Collection Practices Acts forbids a debt collector from continuing to collect a debt until the debt collector provides verification of the debt.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's Complaint and thus denies same.

118.    After receiving the request for verification of debt, Valentine & Kebartas continued to attempt to collect the debt from Plaintiff.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiff's Complaint and thus denies same.

119.    Valentine & Kebartas has violated the Fair Debt Collection Practices Act by continuing to attempt to collect the debt within providing Plaintiff with the requested verification.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiff's Complaint and thus denies same.

120.    Valentine & Kebartas has violated the Fair Debt Collection Practices Act by attempting to collect the debt that it knew or reasonably should have know that Plaintiff was not responsible for.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint and thus denies same.

121.    Plaintiff adopts paragraphs 1 through 79 as paragraph 121.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-120 herein.

122.     Equifax is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 122 of Plaintiff's Complaint.

123.     Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Equifax of the inaccuracy of Chase's report, Equifax had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 123 of Plaintiff's Complaint.

124.     Equifax failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 124 of Plaintiff's Complaint.

125.     Equifax should have removed Chase's negative reference from Plaintiff's credit report.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 125 of Plaintiff's Complaint.

126.     Equifax did not remove Chase's negative reference from Plaintiff's credit report.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 126 of Plaintiff's Complaint.

127.     The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 127 of Plaintiff's Complaint.

128.     Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Equifax for damages in an amount to be determined at trial, statutory damages as provided by the Fair Credit Reporting Act, attorney fees, costs of suit, and all other relief deemed just.

**ANSWER:**      Equifax denies it is liable to Plaintiff in any way and denies Plaintiff is entitled to any relief sought in this action.

129.    Plaintiff adopts paragraphs 1 through 71 and 80 through 87 as paragraph 129.

**ANSWER:**      Equifax re-states and incorporates its answers and defenses to paragraphs 1-128 herein.

130.    Experian is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

**ANSWER:**      Equifax admits the allegation contained in Paragraph 130 of Plaintiff's Complaint.

131.    Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Experian of the inaccuracy of Chase's report, Experian had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

**ANSWER:**      Equifax admits the allegation contained in Paragraph 131 of Plaintiff's Complaint.

132.    Experian failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

**ANSWER:**      Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiff's Complaint and thus denies same.

133.    Experian should have removed Chase's negative reference from Plaintiff's credit report.

**ANSWER:**      Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiff's Complaint and thus denies same.

134.    Experian did not remove Chase's negative reference from Plaintiff's credit report.

**ANSWER:**      Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of Plaintiff's Complaint and thus denies same.

135.    The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

**ANSWER:**    Equifax denies the allegation contained in Paragraph 135 of Plaintiff's Complaint.

136.    Plaintiff adopts paragraphs 1 through 71 and 88 through 95 as paragraph 136.

**ANSWER:**    Equifax re-states and incorporates its answers and defenses to paragraphs 1-135 herein.

137.    Trans Union is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

**ANSWER:**    Equifax admits the allegation contained in Paragraph 137 of Plaintiff's Complaint.

138.    Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Trans Union of the inaccuracy of Chase's report, Trans Union had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

**ANSWER:**    Equifax admits the allegation contained in Paragraph 138 of Plaintiff's Complaint.

139.    Trans Union failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiff's Complaint and thus denies same.

140.    Trans Union should have removed Chase's negative reference from Plaintiff's credit report.

**ANSWER:**    Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiff's Complaint and thus denies same.

141.    Trans Union did not remove Chase's negative reference from Plaintiff's credit report.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of Plaintiff's Complaint and thus denies same.

142.    The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 142 of Plaintiff's Complaint.

143.    Plaintiff adopts paragraphs 1 through 142 as paragraph 143.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-142 herein.

144.    Chase has been provided more than sufficient opportunity to provide Plaintiff evidence that he is responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of Plaintiff's Complaint and thus denies same.

145.    Chase has provided no evidence that Plaintiff is responsible for the debt.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiff's Complaint and thus denies same.

146.    A dispute exists between Plaintiff and Chase about whether Plaintiff is responsible for the debt.

**ANSWER:**     Equifax admits the allegation contained in Paragraph 146 of Plaintiff's Complaint.

147.    Plaintiff adopts paragraphs 1 through 146 as paragraph 147.

**ANSWER:**     Equifax re-states and incorporates its answers and defenses to paragraphs 1-146 herein.

148.    Plaintiff has identified a property that he wishes to purchase.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiff's Complaint and thus denies same.

149.     Because of the actions of Defendants, Plaintiff is unable to obtain a loan to purchase the property.

**ANSWER:**     Equifax denies the allegation contained in Paragraph 149 of Plaintiff's Complaint.

150.     A piece of property is unique.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of Plaintiff's Complaint and thus denies same.

151.     Plaintiff's inability to purchase a particular piece of property creates damages for which legal remedies cannot adequately compensate Plaintiff.

**ANSWER:**     Defendant Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of Plaintiff's Complaint and thus denies same.

152.     Plaintiff will suffer irreparable harm if the negative credit references are not removed from his credit report

**ANSWER:**     Equifax denies that equitable or injunctive relief is a available to private litigants under the Fair Credit Reporting Act.

Equifax denies any liability to Plaintiff and denies Plaintiff is entitled to any relief stated in his Complaint.  Any allegations contained in Plaintiff's Complaint not specifically responded to are denied by Defendant Equifax.

## JURY DEMAND

Equifax demands a trial by jury for all claims so triable.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax Inc. and further fails to state facts sufficient to entitle

the Plaintiff to the relief sought, or to any other relief whatsoever, from Equifax.  Equifax Inc. is not a consumer reporting agency as defined by the federal Fair Credit Reporting Act.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.  Plaintiff provides proof in Exhibits 2,3 7, 8, 9, 13, 18, 23, 24, 25, 26 and 27 he was held personally responsible for payment of the debt that is the subject matter of this lawsuit.

## THIRD DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and Plaintiffs' damages, if any, should be apportioned according to the principles of comparative fault.  Plaintiff alleges same in Paragraph 71 of his Complaint.

## FOURTH DEFENSE

The Complaint is barred by Plaintiffs' failure to mitigate his damages, if any.  Plaintiff provides proof in Exhibits 2,3 7, 8, 9, 13, 18, 23, 24, 25, 26 and 27 he was held personally responsible for payment of the debt that is the subject matter of this lawsuit.

## FIFTH DEFENSE

Equifax complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit files and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## SIXTH DEFENSE

The Complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

## SEVENTH DEFENSE

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

## EIGHTH DEFENSE

Equifax denies each and every averment of Plaintiffs' Complaint not specifically admitted in this Answer.

## NINTH DEFENSE

Equifax asserts that some or all of Plaintiffs' claims may be pre-empted by section 1681h(e) of the FCRA.

## TENTH DEFENSE

Equifax asserts that some or all of Plaintiff's claims are barred by qualified immunity. Further equitable and or injunctive relief is not available to private litigants under the FCRA.

## ELEVENTH DEFENSE

Equifax Inc. is not a consumer reporting agency s defined by the federal Fair Credit Reporting At.

## TWELVTH DEFENSE

To the extent Plaintiffs' Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

WHEREFORE, Equifax respectfully requests that judgment be entered against Plaintiff as this action as frivolous, in favor of Equifax and that Equifax be awarded its costs and fees

incurred herein, and that the Court enter such further relief as is just, proper and necessary, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b).

      Respectfully submitted this 11th day of August, 2010

EQUIFAX INC.

By: */s/ Michael D. Douglas*
     Michael D. Douglas
     KING & SPALDING LLP
     1180 Peachtree Street N.E.
     Atlanta, GA  30309-3521
     (404) 572-4600
     Mdouglas@KSLaw.com

Of counsel:              Jeremy S. Unruh
     POLSINELLI SHUGHART, PC
     161 N. Clark Street, Suite 4200
     Chicago, Illinois 60601
     (312) 819-1900
     Facsimile (312) 819-1910

     Attorneys for Defendant Equifax Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing Equifax Inc.'s Answer and Defenses to Plaintiff's Complaint has been served using the Court's CM/ECF system to those counsels registered or has been served by depositing a copy of the same in the United States mail, first class postage prepaid, and properly addressed to the following counsel of record:

Victoria L. Holland, Esq.
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
vholland@jonesday.com

Counsel for Experian Information Solutions,
Inc.

Gregory S. Gistenson, Esq.
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606-2833

Counsel for Chase Bank, N.A.

Bryan M. Sims, Esq.
SIMS LAW FIRM, LTD.
1755 Park Street, Suite 200
Naperville, Illinois 60563

Attorney for Plaintiff

Valentine & Kebartas, Inc.
c/o Patrick B. Gough
Registered Agent
2701 Hastings Road
Chatham, Illinois 62629

This 11th Day of August, 2010.

By: ___/s/ Michael D. Douglas_____