**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GERALD HOLLIS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:10-cv-04937** |
| **CHASE, EQUIFAX, INC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and VALENTINE & KEBARTAS, INC.,** | **Judge: Milton I. Shadur** |
| **Defendants.** | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its

undersigned counsel, and in answer to the Complaint states as follows:

**BACKGROUND FACTS**

1.      Plaintiff Gerald Hollis is an individual residing in Naperville, DuPage County, Illinois.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 1, and, therefore denies them.

2.      Defendant Chase is a subsidiary of JPMorgan Chase and has its principal place of business in Chicago, Illinois.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 2, and, therefore denies them.

3.      Defendant Equifax, Inc., is a foreign corporation registered to do business in the state of Illinois.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 3, and, therefore denies them.

4. Defendant Experian Information Solutions, Inc., is a foreign corporation registered to do business in the state of Illinois.

**RESPONSE:** In response to paragraph 4 of the Complaint, Experian admits that it is an Ohio corporation in good standing, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and does conduct business in the State of Illinois.

5. Defendant Trans Union LLC is a foreign corporation with its principal place of business in Chicago, Illinois.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and, therefore denies them.

6. Defendant Valentine & Kebartas, Inc., is a foreign corporation registered to do business in the state of Illinois.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and, therefore denies them.

7. Rose Hollis, L.L.C. is an Illinois limited liability company with its principal place of business in Naperville, DuPage County, Illinois.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and, therefore denies them.

8. Plaintiff is a manager of Rose Hollis L.L.C.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and, therefore denies them.

9. In approximately 2006 Rose Hollis, L.L.C. applied for a corporate credit card from Providian Financial Corporation.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and, therefore denies them.

10. Providian Financial Corporation granted a credit card to Rose Hollis, L.L.C.

CHI-1765797

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and, therefore denies them.

11.    Thereafter, that card and any outstanding balance was transferred to Washington Mutual Bank.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and, therefore denies them.

12.    Thereafter, the card and any outstanding balance was transferred to Chase.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and, therefore denies them.

## ATTEMPTS TO COLLECT THE DEBT

13.    On or about July 2009, despite the fact that the account for the card was in the name of Rose Hollis, L.L.C., Chase began attempting to collect the amounts due under the card from Plaintiff.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and, therefore denies them.

14.    On July 21, 2009, Plaintiff's counsel contacted Chase by letter.  In that letter, Plaintiff's counsel disputed the charge and requested that Chase provide Plaintiff with proof that he was responsible for the debt.  A true and correct copy of this letter is attached as Exhibit 1.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 14, and, therefore denies them.  Experian lacks knowledge or information sufficient to form a belief of as to the truth of the information contained in the July 21, 2009 letter and therefore denies the allegations contained in the second sentence of paragraph 14.  Experian admits that Exhibit 1, attached to the Complaint, appears to be a copy of a letter Plaintiff's counsel addressed to Chase and dated July 21, 2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 1.

CHI-1765797

**RESPONSE:**

15.    Despite Plaintiff's request, Chase provided no documents to support its claim that Plaintiff was responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and, therefore denies them.

16.    Instead, Chase attempted to collect the debt.  A true and correct copy of a letter sent by Chase on or about July 28, 2009, is attached as Exhibit 2.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 16, and, therefore denies them.  Experian admits that Exhibit 2, attached to the Complaint, appears to be a copy of a letter Chase addressed to Plaintiff and dated August 13, 2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as to authenticity of the information contained within Exhibit 2.

17.    Thereafter, still not having responded to Plaintiff's request for documentation, Chase retained Integrity Financial Partners, Inc., to attempt to collect the debt.  A true and correct copy of the demand letter from Integrity is attached as Exhibit 3.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17, and, therefore denies them.  Experian admits that Exhibit 3, attached to the Complaint, appears to be a copy of a letter Integrity Financial Partners, Inc. ("Integrity") addressed to Plaintiff and dated September 10, 2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 3.

18.    On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Equifax.  A true and correct copy of this letter is attached as Exhibit 4.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 18, and, therefore

CHI-1765797

denies them.  Experian admits that Exhibit 4, attached to the Complaint, appears to be a copy of an undated letter Plaintiff addressed to Equifax.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 4.

19.    On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Experian.  A true and correct copy of this letter is attached as Exhibit 5.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 19, and, therefore denies them.  Experian admits that Exhibit 5, attached to the Complaint, appears to be a copy of an undated letter Plaintiff addressed to Experian.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 5.

20.    On or about September 28, 2009, Plaintiff disputed this debt and negative credit reference with Trans Union.  A true and correct copy of this letter is attached as Exhibit 6.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 20, and, therefore denies them.  Experian admits that Exhibit 6, attached to the Complaint, appears to be a copy of an undated letter Plaintiff addressed to Trans Union.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 6.

21.    On October 15, 2009, after still not responding to Plaintiff's request for documentation, Chase continued to attempt to collect the debt from Plaintiff.  A true and correct copy of the letter from Chase dated October 15, 2009, is attached as Exhibit 7.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 21, and, therefore denies them.  Experian admits that Exhibit 7, attached to the Complaint, appears to be a copy of a letter Chase addressed to Plaintiff and dated October 15, 2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 7.

CHI-1765797

22.     On October 16, 2009, Integrity again attempted to collect this debt from Plaintiff. A true and correct copy of the letter from Integrity dated October 16, 2009, is attached as Exhibit 8.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 22, and, therefore denies them.  Experian admits that Exhibit 8, attached to the Complaint, appears to be a copy of a letter Integrity addressed to Plaintiff and dated October 16, 2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 8.

23.     On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Equifax.  A true and correct copy of the letter to Equifax is attached as Exhibit 9.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23, and, therefore denies them.  Experian admits that Exhibit 9, attached to the Complaint, appears to be a copy of a letter Plaintiff's counsel addressed to Equifax Credit Information Services, Inc. ("Equifax") and dated October 21, 2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 9.

24.     In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to provide any documentation establishing that the debt is valid.

**RESPONSE:**  Experian lacks knowledge or information sufficient to form a belief of as to the truth of the information contained in the letter attached to the Complaint as Exhibit 9 and therefore denies the allegations contained in paragraph 24.

25.     On October 21, 2009, Plaintiff disputed this debt and negative credit reference with Experian.  A true and correct copy of the letter to Experian is attached as Exhibit 10.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25, and, therefore denies them.  Experian admits that Exhibit 10, attached to the Complaint, appears to be a copy of

CHI-1765797

a letter Plaintiff's counsel addressed to Experian and dated October 21, 2009.  Experian further

states that it lacks knowledge or information sufficient to form a belief as to the authenticity of

Exhibit 10.

26.     In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to
provide any documentation establishing that the debt is valid.

**RESPONSE:**  Experian lacks knowledge or information sufficient to form a belief of as to the

truth of the information contained in the letter attached to the Complaint as Exhibit 10 and

therefore denies the allegations contained in paragraph 26.

27.     On October 21, 2009, Plaintiff disputed this debt and negative credit reference
with Trans Union.  A true and correct copy of the letter to Trans Union is attached as Exhibit 11.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 27, and, therefore

denies them.  Experian admits that Exhibit 11, attached to the Complaint, appears to be a copy of

a letter Plaintiff's counsel addressed to TransUnion Consumer Solutions and dated October 21,

2009.  Experian further states that it lacks knowledge or information sufficient to form a belief as

to the authenticity of Exhibit 11.

28.     In that letter, Plaintiff's counsel specifically pointed out that Chase had refused to
provide any documentation establishing that the debt is valid.

**RESPONSE:**  Experian lacks knowledge or information sufficient to form a belief of as to the

truth of the information contained in the letter attached to the Complaint as Exhibit 11 and

therefore denies the allegations contained in paragraph 28.

29.     Also on October 21, 2009, Plaintiff disputed this debt with Integrity.  A true and
correct copy of the letter to Integrity is attached as Exhibit 12.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 29, and, therefore

denies them.  Experian admits that Exhibit 12, attached to the Complaint, appears to be a copy of

a letter Plaintiff's counsel addressed to Integrity and dated October 21, 2009.  Experian further

states that it lacks knowledge or information sufficient to form a belief as to the authenticity of

Exhibit 12.

30.     On October 29, 2009, Chase contacted Plaintiff by letter and again asserted that
Plaintiff was responsible for the debt.  A true and correct copy of this letter is attached as Exhibit
13.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 30 and, therefore

denies them.  Experian admits that Exhibit 13, attached to the Complaint, appears to be a copy of

a letter Chase addressed to Plaintiff and dated October 29, 2009.  Experian further states that it

lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 13.

31.     Despite referencing the "Cardmember Agreement" in the letter, and despite
Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation
supporting that its claim was valid.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 31 and, therefore denies them.

32.     On or about mid-November 2009, Plaintiff disputed this debt with Equifax.  A
true and correct copy of this letter is attached as Exhibit 14.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 32 and, therefore

denies them.  Experian admits that Exhibit 14, attached to the Complaint, appears to be a copy of

an undated letter Plaintiff addressed to Equifax.  Experian further states that it lacks knowledge

or information sufficient to form a belief as to the authenticity of Exhibit 14.

33.     On or about mid-November 2009, Plaintiff disputed this debt with Experian.  A
true and correct copy of this letter is attached as Exhibit 15.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 33 and, therefore

CHI-1765797

denies them.  Experian admits that Exhibit 15, attached to the Complaint, appears to be a copy of

an undated letter Plaintiff addressed to Experian.  Experian further states that it lacks knowledge

or information sufficient to form a belief as to the authenticity of Exhibit 15.

34.     On or about mid-November 2009, Plaintiff disputed this debt with Trans Union.
A true and correct copy of this letter is attached as Exhibit 16.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 34 and, therefore

denies them.  Experian admits that Exhibit 16, attached to the Complaint, appears to be a copy of

an undated letter Plaintiff addressed to Trans Union.  Experian further states that it lacks

knowledge or information sufficient to form a belief as to the authenticity of Exhibit 16.

35.     On or about mid-November 2009, Plaintiff disputed this debt with Chase.  A true
and correct copy of this letter is attached as Exhibit 17.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 35 and, therefore

denies them.  Experian admits that Exhibit 17, attached to the Complaint, appears to be a copy of

an undated letter Plaintiff addressed to Chase.  Experian further states that it lacks knowledge or

information sufficient to form a belief as to the authenticity of Exhibit 17.

36.     This letter once again requested that Chase provide Plaintiff with some evidence
that he was responsible for the debt that Chase was trying to collect.

**RESPONSE:**  Experian lacks knowledge or information sufficient to form a belief of as to the

truth of the information contained in the letter attached to the Complaint as Exhibit 17 and

therefore denies the allegations contained in paragraph 36.

37.     On January 7, 2010, Chase contacted Plaintiff by letter and again asserted that
Plaintiff was responsible for the debt.  A true and correct copy of this letter is attached as Exhibit
18.

CHI-1765797

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 37 and, therefore denies them.  Experian admits that Exhibit 18, attached to the Complaint, appears to be a copy of a letter Chase addressed to Plaintiff and dated January 7, 2010.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 18.

38.    Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation supporting that its claim was valid.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore denies them.

39.    On or about January 10, 2010, Plaintiff again disputed the debt with Equifax.  A true and correct copy of this letter is attached as Exhibit 19.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 39 and, therefore denies them.  Experian admits that Exhibit 19, attached to the Complaint, appears to be a copy of an undated letter Plaintiff addressed to Equifax.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 19.

40.    On or about January 10, 2010, Plaintiff again disputed the debt with Experian.  A true and correct copy of this letter is attached as Exhibit 20.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 40 and, therefore denies them.  Experian admits that Exhibit 20, attached to the Complaint, appears to be a copy of an undated letter Plaintiff addressed to Experian.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 20.

41.    On or about January 10, 2010, Plaintiff again disputed the debt with Trans Union.  A true and correct copy of this letter is attached as Exhibit 21.

CHI-1765797

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 41 and, therefore denies them. Experian admits that Exhibit 21, attached to the Complaint, appears to be a copy of an undated letter Plaintiff addressed to Trans Union. Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 21.

42. On March 18, 2010, Plaintiff's counsel contacted Chase again, disputing the debt and requesting documentation that Plaintiff was responsible for it. A true and correct copy of this letter is attached as Exhibit 22.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 42 and, therefore denies them. Experian admits that Exhibit 22, attached to the Complaint, appears to be a copy of a letter Plaintiff's counsel addressed to Daniele Bowling. Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 22.

43. On March 18, 2010, Plaintiff's counsel again contacted Equifax pointing out that despite multiple requests, Chase had refused to provide any documentation supporting its claim that Plaintiff was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 23.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 43 and, therefore denies them. Experian admits that Exhibit 23 attached to the Complaint, appears to be a copy of a letter Plaintiff's counsel addressed to Equifax Credit Information Services, Inc.. Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 23.

44. On March 19, 2010, Chase contacted Plaintiff by letter and again asserted that Plaintiff was responsible for the debt. A true and correct copy of this letter is attached as Exhibit 24.

- 11 -

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 44 and, therefore denies them. Experian admits that Exhibit 24, attached to the Complaint, appears to be a copy of a letter Chase addressed to Plaintiff and dated March 19, 2010. Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 24.

45. Despite referencing the "Cardmember Agreement" in the letter, and despite Plaintiff's request for such documentation, Chase provided Plaintiff with no documentation supporting that its claim was valid.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and, therefore denies them.

46. On April 2, 2010, Chase sent Plaintiff a copy of certain credit card statements. However, Chase still did not provide Plaintiff with any documentation establishing that he was liable for the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and, therefore denies them.

47. On May 24, 2010, Plaintiff's counsel contacted Chase against, seeking to resolve this matter without further damage to Plaintiff's credit rating. A true and correct copy of this letter is attached as Exhibit 25.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 47 and, therefore denies them. Experian admits that Exhibit 25, attached to the Complaint, appears to be a copy of a letter Plaintiff's counsel addressed to Chase and dated May 24, 2010. Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 25.

48. As of the date of the preparation of this pleading, Chase has not yet responded to this letter.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and, therefore denies them.

49.     On June 2, 2010, Valentine & Kebartas, Inc., which has apparently been retained by Chase to collect the debt, contacted Plaintiff, seeking to collect the debt.  A true and correct copy of this letter is attached as Exhibit 26.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 49 and, therefore denies them.  Experian admits that Exhibit 26, attached to the Complaint, appears to be a copy of a letter Valentine & Kebartas, Inc. addressed to Plaintiff and dated June 2, 2010.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 26.

50.     On June 11, 2010, Plaintiff's counsel disputed the debt with Valentine & Kebartas.  A true and correct copy of this letter is attached as Exhibit 27.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 50 and, therefore denies them.  Experian admits that Exhibit 27, attached to the Complaint, appears to be a copy of a letter Plaintiff's counsel addressed to Valentine & Kebartas, Inc. and dated June 11, 2010.  Experian further states that it lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit 27.

## COUNT 1
### Negligence
### (Chase)

51.     Plaintiff adopts paragraphs 1 through 50 as paragraph 51.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 50.

52.     At all times, Chase owed a duty to Plaintiff to refrain from collecting a debt from him for which he was not responsible.

CHI-1765797

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and, therefore denies them.

53.     At all times, Chase owed a duty to Plaintiff to refrain from placing negative references against Plaintiff's credit for accounts for which he was not responsible.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and, therefore denies them.

54.     At all times, Chase owed a duty to Plaintiff to remove negative references from Plaintiffs credit upon determining that Plaintiff was not responsible for a debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and, therefore denies them.

55.     Plaintiff is not liable or responsible for the debt for which Chase is attempting to collect.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and, therefore denies them.

56.     Upon information and belief, Chase cannot produce any documentation establishing that Plaintiff is liable or responsible for the debt for which Chase is attempting to collect.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and, therefore denies them.

57.     Chase has attempted to continue to collect the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and, therefore denies them.

58.     Chase has continued to report the debt as a negative reference on Plaintiff's credit.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, and, therefore denies them.

59.     Chase has not removed the negative references relating to the debt from Plaintiff's credit.

CHI-1765797

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and, therefore denies them.

60.    Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Chase knew that Plaintiff was not responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and, therefore denies them.

61.    Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Chase knew that it could not establish that Plaintiff was responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and, therefore denies them.

62.    When Chase continued to attempt to collect the debt, it knew that Plaintiff was not responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and, therefore denies them.

63.    When Chase continued to attempt to collect the debit, it knew it could not establish that Plaintiff was responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and, therefore denies them.

64.    When Chase continued to place negative references on Plaintiff's credit, it knew that Plaintiff was not responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and, therefore denies them.

65.    When Chase continued to place negative references on Plaintiff's credit, it knew it could not establish that Plaintiff was responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and, therefore denies them.

CHI-1765797

66.     When Chase did not remove the negative references from Plaintiff's credit, it knew that Plaintiff was not responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and, therefore denies them.

67.     When Chase did not remove the negative references from Plaintiff's credit, it knew it could not establish that Plaintiff was responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and, therefore denies them.

68.     Plaintiff is now attempting to purchase a home using a loan from the Veteran's Administration.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and, therefore denies them.

69.     Plaintiff is unable to purchase the home because of the negative references on his credit report from this Chase account.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and, therefore denies them.

70.     But for the negative references on his credit report from this Chase account, Plaintiff would be able to purchase the home.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and, therefore denies them.

71.     Plaintiff has been damaged by Chase's actions.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and, therefore denies them.

**COUNT 2**
**Negligence**
**(Equifax)**

72.     Plaintiff adopts paragraphs 1 through 71 as paragraph 72.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71.

73.    Equifax had a duty to refrain from publishing information about Plaintiff's credit was that incorrect.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and, therefore denies them.

74.    Equifax had a duty to remove information about Plaintiff's credit that it learned was incorrect

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and, therefore denies them.

75.    Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Equifax knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and, therefore denies them.

76.    Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Equifax knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and, therefore denies them.

77.    Despite its knowledge that the information from Chase was inaccurate, Equifax continued to publish inaccurate information about that debt on Plaintiff's credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and, therefore denies them.

78.    Despite its knowledge that the information from Chase was inaccurate, Equifax did not remove the inaccurate information from Plaintiff's credit report.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78, and, therefore denies them.

79.     Plaintiff has been damaged by Equifax's actions.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and, therefore denies them.

**COUNT 3**
**Negligence**
**(Experian)**

80.     Plaintiff adopts paragraphs 1 through 71 as paragraph 80.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71.

81.     Experian had a duty to refrain from publishing information about Plaintiff's credit was that incorrect.

**RESPONSE:**  Experian admits that it had a duty to follow reasonable procedures to ensure the maximum accuracy of Plaintiff credit information in credit reports Experian published. Experian denies any remaining allegations contained in paragraph 81.

82.     Experian had a duty to remove information about Plaintiff's credit that it learned was incorrect.

**RESPONSE:**  Experian admits that it has a duty to investigate the accuracy of information that is properly disputed by Plaintiff and to correct any information that is verified as inaccurate as a result of Experian's investigation.   Experian denies any remaining allegations contained in paragraph 82.

83.     Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Experian knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

**RESPONSE:**  Experian denies the allegations in paragraph 83.

CHI-1765797

84.     Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Experian knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

**RESPONSE:**  Experian denies the allegations in paragraph 84.

85.     Despite its knowledge that the information from Chase was inaccurate, Experian continued to publish inaccurate information about that debt on Plaintiff's credit report.

**RESPONSE:**  Experian denies the allegations in paragraph 85.

86.     Despite its knowledge that the information from Chase was inaccurate, Experian did not remove the inaccurate information from Plaintiff's credit report.

**RESPONSE:**  Experian denies the allegations in paragraph 86.

87.     Plaintiff has been damaged by Experian's actions.

**RESPONSE:**  Experian denies the allegations in paragraph 87.

### COUNT 4
### Negligence
### (Trans Union)

88.     Plaintiff adopts paragraphs 1 through 71 as paragraph 88.

**RESPONSE:**  Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71.

89.     Trans Union had a duty to refrain from publishing information about Plaintiff's credit was that incorrect.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and, therefore denies them.

90.     Trans Union had a duty to remove information about Plaintiff's credit that it learned was incorrect.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and, therefore denies them.

91.     Based upon the correspondence from Plaintiff and Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was

- 19 -

responsible for the debt, Trans Union knew or should have known that the information it was publishing about the debt on Plaintiff's credit report was inaccurate.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, and, therefore denies them.

92. Based upon the correspondence from Plaintiff's counsel, and Chase's actions in failing to produce any documentation establishing that Plaintiff was responsible for the debt, Trans Union knew or should have known that it should remove the negative references about the debt from Plaintiff's credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, and, therefore denies them.

93. Despite its knowledge that the information from Chase was inaccurate, Trans Union continued to publish inaccurate information about that debt on Plaintiff's credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and, therefore denies them.

94. Despite its knowledge that the information from Chase was inaccurate, Trans Union did not remove the inaccurate information from Plaintiff's credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and, therefore denies them.

95. Plaintiff has been damaged by Trans Union's actions.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95, and, therefore denies them.

## COUNT 5
### Negligence
### (Valentine & Kebartas)

96. Plaintiff adopts paragraphs 1 through 71 as paragraph 96.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71.

CHI-1765797

97.     At all times, Valentine & Kebartas owed a duty to Plaintiff to refrain from collecting a debt from him for which he was not responsible.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and, therefore denies them.

98.     Plaintiff is not liable or responsible for the debt for which Valentine & Kebartas is attempting to collect.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and, therefore denies them.

99.     Upon information and belief, Valentine & Kebartas cannot produce any documentation establishing that Plaintiff is liable or responsible for the debt for which Valentine & Kebartas is attempting to collect.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and, therefore denies them.

100.     Valentine & Kebartas has attempted to continue to collect the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and, therefore denies them.

101.     Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Valentine & Kebartas knew or should have known that Plaintiff was not responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and, therefore denies them.

102.     Based upon Plaintiff's communications as well as its inability to produce any documentation establishing that Plaintiff is responsible for the debt, Valentine & Kebartas knew or should have known knew that neither it nor Chase could establish that Plaintiff was responsible for the debt.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102, and, therefore denies them.

103.     When Valentine & Kebartas continued to attempt to collect the debt, it knew or should have known that Plaintiff was not responsible for the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, and, therefore denies them.

104.    When Valentine & Kebartas continued to attempt to collect the debt, it knew or should have known that neither it nor Chase could establish that Plaintiff was responsible for the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104, and, therefore denies them.

105.    Plaintiff has been damaged by the actions of Valentine & Kebartas.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105, and, therefore denies them.

**COUNT 6**
**Violation of the Fair Debt Collection Practices Act**
**(Chase)**

106.    Plaintiff adopts paragraphs 1 through 79 as paragraph 106.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 79.

107.    Chase has attempted to collect this debt as a consumer debt, as defined by the Fair Debt Collection Practices Act.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, and, therefore denies them.

108.    Chase has attempted to collect this debt from a consumer.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and, therefore denies them.

109.    Chase is a debt collector as defined by the Fair Debt Collection Practices Act.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109, and, therefore denies them.

CHI-1765797

110.    Chase has violated the Fair Debt Collection Practices Act by attempting to collect a debt from Plaintiff for which it knows Plaintiff is not liable.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110, and, therefore denies them.

111.    Pursuant to the Fair Debt Collection Practices Act, Plaintiff is entitled to recover attorneys fees incurred in brining this action.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111, and, therefore denies them.

**COUNT 7**
**Violation of the Fair Debt Collection Practices Act**
**(Valentine & Kebartas)**

112.    Plaintiff adopts paragraphs 1 through 71 and 96 through 111 as paragraph 112.

**RESPONSE:**  Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71 and 96 through 111.

113.    Valentine & Kebartas is a debt collector as defined by the Fair Debt Collection Practices Act.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113, and, therefore denies them.

114.    The Fair Debt Collection Practices Act forbids a debt collector from attempting to collect a debt through a third party.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114, and, therefore denies them.

115.    On or about June 10, 2010, a representative of Valentine & Kebartas contacted Plaintiff's son and attempted to collect the debt through him.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115, and, therefore denies them.

116.    Valentine & Kebartas has violated the Fair Debt Collection Practices Act by attempting to collect the debt through a third party.

CHI-1765797

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116, and, therefore denies them.

117.    Once a demand for verification of a debt has been made, the Fair Debt Collection Practices Acts forbids a debt collector from continuing to collect a debt until the debt collector provides verification of the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117, and, therefore denies them.

118.    After receiving the request for verification of debt, Valentine & Kebartas continued to attempt to collect the debt from Plaintiff.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118, and, therefore denies them.

119.    Valentine & Kebartas has violated the Fair Debt Collection Practices Act by continuing to attempt to collect the debt within providing Plaintiff with the requested verification.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119, and, therefore denies them.

120.    Valentine & Kebartas has violated the Fair Debt Collection Practices Act by attempting to collect the debt that it knew or reasonably should have know that Plaintiff was not responsible for.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120, and, therefore denies them.

**COUNT 8**
**Violation of the Fair Credit Reporting Act**
**(Equifax)**

121.    Plaintiff adopts paragraphs 1 through 79 as paragraph 121.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 79.

122.    Equifax is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122, and, therefore denies them.

123.    Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Equifax of the inaccuracy of Chase's report, Equifax had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123, and, therefore denies them.

124.    Equifax failed to conduct a reasonable investigation to determine the accuracy of Chase's report

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124, and, therefore denies them.

125.    Equifax should have removed Chase's negative reference from Plaintiff's credit report

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125, and, therefore denies them.

126.    Equifax did not remove Chase's negative reference from Plaintiff's credit report.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126, and, therefore denies them.

127.    The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127, and, therefore denies them.

128.    Wherefore, Plaintiff Gerald Hollis prays that this Court enter judgment in favor of Plaintiff and against Equifax for damages in an amount to be determined at trial, statutory damages as provided by the Fair Credit Reporting Act, attorney fees, costs of suit, and all other relief deemed just.

**RESPONSE:**  Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, and, therefore denies them.

CHI-1765797

## COUNT 9
## Violation of the Fair Credit Reporting Act
## (Experian)

129.     Plaintiff adopts paragraphs 1 through 71 and 80 through 87 as paragraph 129.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71 and 80 through 87.

130.     Experian is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

**RESPONSE:** Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act.

131.     Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Experian of the inaccuracy of Chase's report, Experian had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

**RESPONSE:** Experian admits that the Fair Credit Reporting Act imposes a duty upon Experian to conduct a reasonable investigation when properly notified by a consumer that his or her credit file contains inaccurate information.  Experian denies any remaining allegations contained in paragraph 131.

132.     Experian failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132, and, therefore denies them.

133.     Experian should have removed Chase's negative reference from Plaintiff's credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133, and, therefore denies them.

134.     Experian did not remove Chase's negative reference from Plaintiff's credit report.

CHI-1765797

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134, and, therefore denies them.

135.     The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135, and, therefore denies them.

## COUNT 10
### Violation of the Fair Credit Reporting Act
### (Trans Union)

136.     Plaintiff adopts paragraphs 1 through 71 and 88 through 95 as paragraph 136.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 71 and 88 through 95.

137.     Trans Union is a Consumer Reporting Agency as defined by the Fair Credit Reporting Act.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137, and, therefore denies them.

138.     Pursuant to the Fair Credit Reporting Act, once Plaintiff notified Trans Union of the inaccuracy of Chase's report, Trans Union had a duty to conduct a reasonable investigation to determine the accuracy of Chase's report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138, and, therefore denies them.

139.     Trans Union failed to conduct a reasonable investigation to determine the accuracy of Chase's report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139, and, therefore denies them.

140.     Trans Union should have removed Chase's negative reference from Plaintiff's credit report.

CHI-1765797

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140, and, therefore denies them.

141.    Trans Union did not remove Chase's negative reference from Plaintiff's credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141, and, therefore denies them.

142.    The Fair Credit Reporting Act permits Plaintiff to recover attorney fees for bringing this action.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142, and, therefore denies them.

## COUNT 11
### Declaratory Relief
### (Chase and Valentine & Kebartas)

143.    Plaintiff adopts paragraphs 1 through 142 as paragraph 143.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 142.

144.    Chase has been provided more than sufficient opportunity to provide Plaintiff evidence that he is responsible for the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144, and, therefore denies them.

145.    Chase has provided no evidence that Plaintiff is responsible for the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145, and, therefore denies them.

146.    A dispute exists between Plaintiff and Chase about whether Plaintiff is responsible for the debt.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146, and, therefore denies them.

CHI-1765797

## COUNT 12
### Injunctive Relief (All Defendants)

147.    Plaintiff adopts paragraphs 1 through 146 as paragraph 147.

**RESPONSE:** Experian hereby repeats and incorporates by reference its answers to the preceding paragraphs 1 through 146.

148.    Plaintiff has identified a property that he wishes to purchase.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148, and, therefore denies them.

149.    Because of the actions of Defendants, Plaintiff is unable to obtain a loan to purchase the property.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149, and, therefore denies them.

150.    A piece of property is unique.

**RESPONSE:** Experian admits that a piece of property is unique.

151.    Plaintiff's inability to purchase a particular piece of property creates damages for which legal remedies cannot adequately compensate Plaintiff.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151, and, therefore denies them.

152.    Plaintiff will suffer irreparable harm if the negative credit references are not removed from his credit report.

**RESPONSE:** Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152, and, therefore denies them.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FEDERAL PREEMPTION)

Plaintiff's negligence claim under Illinois law against Experian is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

CHI-1765797

## SECOND AFFIRMATIVE DEFENSE

## (IMMUNITY)

All claims against Experian are barred by the qualified immunity of § 1681h(e) of the FCRA.

## THIRD AFFIRMATIVE DEFENSE

## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

CHI-1765797

Dated: August 12, 2010                    Respectfully submitted,


                                          s/Victoria L. Holland
                                          Victoria L. Holland (6293021)
                                          vholland@jonesday.com
                                          JONES DAY
                                          77 West Wacker
                                          Suite 3500
                                          Chicago, IL  60601-1692
                                          Telephone:    (312) 782-3939
                                          Facsimile:    (312) 782-8585

                                          COUNSEL FOR DEFENDANT EXPERIAN
                                          INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I certify that on August 12, 2010, I electronically filed the foregoing **Defendant Experian Information Solutions, Inc.'s Answer to Plaintiff's Complaint and Affirmative Defenses** using the CM/ECF system, which will send notification of such filing via electronic mail to the all counsel who have filed an appearance through the CM/ECF system. I further certify that on August 12, 2010, I sent the foregoing via U.S. mail at 77 W. Wacker Drive, Chicago, IL with proper postage paid to the following:


Gerald Hollis
1120 Langley Circle
Naperville, IL 60563

Bryan M. Sims
SIMS LAW FIRM, LTD.
1755 Park Street
Suite 200
Naperville, IL 60653


Jeremy Unruh
POLSINELLI SHUGHART, PC
161 N. Clark Street
Suite 4200
Chicago, IL 60601

Gregory Scott Gistenson
BARNES & THORNBURG LLP
One N. Wacker Drive
Suite 4400
Chicago, IL 60606

Valentine & Kerbartas, Inc.
c/o Patrick B. Gough
Registered Agent
2701 Hastings Road
Chatham, IL 62629


     /s/ Victoria L. Holland