```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

GERALD HOLLIS,                  )
                                )
         Plaintiff,             )
                                )
    v.                          )    No.  10 C 4937
                                )
CHASE, et al.,                  )
                                )
         Defendants.            )

## MEMORANDUM ORDER

Two of the defendants in this action brought by Gerald Hollis ("Hollis"), who charge violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act as well as common law charges sounding in negligence, have filed their Answers and Affirmative Defenses to the lengthy (12 count, 152 paragraph) Complaint. This memorandum order is issued sua sponte to require the separate counsel for Equifax, Inc. ("Equifax") and Experian Information Solutions, Inc. ("Experian") to go back to the drawing board.

After this Court had waded through Equifax's responsive pleading in detail and turned to Experian's counsel's work, it discovered that counsel for each of those parties had drunk from the same cup, producing similarly flawed responses. Accordingly this memorandum order will speak only to the Equifax pleading, while directing Experian's counsel to conform to the directives set out here.

As for Equifax, its response is riddled (although this Court

may inadvertently have missed some others, the defect identified here taints Answer ¶¶2, 6-17, 19-22, 25, 27, 29-31, 33-35, 37, 38, 40-42, 44-50, 52-71, 81-87, 89-95, 97-105, 107-11, 113-20, 132-34, 139-41, 144, 145, 148 and 150-52) with invocations of the deemed denial of Hollis' corresponding allegations made available by Fed. R. Civ. P. ("Rule") 8(b)(5), followed by "and thus denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted language is stricken wherever it appears.

As for Equifax's ADs (fully 12 in number), several really do not fit the concept of an AD as prescribed by Rule 8(c) and its relevant caselaw--and see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In addition:

1. AD 1 is really the equivalent of a Rule 12(b)(6) motion (an inappropriate matter for inclusion as an AD). It is incorrect substantively to boot, so it is stricken subject to its possible reassertion as an appropriately supported separate motion.

2. ADs 7 and 8 are meaningless and are stricken.

Because this memorandum order has made no effort to be exhaustive as to the deficiencies in other ADs, it is simply hoped that

2

Equifax's counsel will take another hard look at the subject and come back with a smaller and meaningful package.

As for Experian, even a brief threshold look has revealed that the same failing in invoking Rule 8(b)(5) is present there. Hence the words "and, therefore denies them" are also stricken wherever they appear. Experian's ADs are far fewer in number, and only AD 4 appears defective so as to cause it to be stricken. This Court so orders.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge

Date: August 17, 2010